J-S16006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CLAUDIO HERNANDEZ, JR. :
:
Appellant : No. 1740 MDA 2017

Appeal from the Judgment of Sentence June 15, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003168-2016

BEFORE:  BOWES, J., MURRAY, J., and PLATT,* J.

MEMORANDUM BY BOWES, J.:                 **FILED SEPTEMBER 25, 2018**

Claudio Hernandez, Jr. appeals from the judgment of sentence imposed following his conviction of possession of firearm prohibited.  Appellant's counsel has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we affirm the judgment of sentence and grant counsel's application to withdraw.

On June 12, 2016, Appellant fired four shots at Christopher Johnson, who was outside of the Prince of Subs after he completed a shift as a security guard there.  Mr. Johnson pursued Appellant, tackled him, and recovered a Sig Sauer 9-millimeter firearm from Appellant.  Based upon prior convictions for burglary and possession of controlled substances, Appellant was not permitted to possess a firearm.

_____

* Retired Senior Judge assigned to the Superior Court.

On March 29, 2017, following a trial at which Appellant had the assistance of an interpreter, a jury convicted Appellant of person not to possess.[1] Following a presentence investigation, the trial court imposed the statutory maximum, yet mitigated-range, sentence of five to ten years imprisonment, along with costs and other conditions.[2] Appellant filed a timely post-sentence motion, which the trial court denied by order of October 18, 2017. Appellant filed a timely notice of appeal.[3]

In this Court, Appellant's counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth

---

[1] Appellant was charged with other crimes in connection with the incident in question. However, those charges were severed from the person-not-to-possess count, and are not at issue in this appeal.

[2] Appellant's prior record score is RFEL, and the offense gravity score for person not to possess is ten. Sentencing Guidelines Worksheet, 6/15/17. Accordingly, applying the deadly weapon used enhancement, the guidelines called for a standard minimum sentence of ninety to 102 months, +/- 12. **See** 204 Pa. Code § 303.17(b). Person not to possess is a second-degree felony, and thus carries a maximum sentence of 120 months imprisonment. 18 Pa.C.S. §§ 106(b)(3), 6105(a.1)(a). Appellant was sentenced to sixty to 120 months.

[3] The trial court ordered the filing of a concise statement of errors complained of on appeal, and counsel complied by filing a statement of intention to file an **Anders** brief. The trial court did not author a Pa.R.A.P. 1925(a) opinion; however, we have the benefit of its opinion that accompanied the denial of Appellant's post-sentence motion.

issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007)

(citations omitted). Our Supreme Court has clarified portions of the *Anders*

procedure:

[I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Based upon our examination of counsel's petition to withdraw and

*Anders* brief, we conclude that counsel has complied with the technical

- 3 -

requirements set forth above.[4]  Therefore, we now proceed "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'"  ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting ***Santiago***, ***supra*** at 354 n.5).  ***See also Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa.Super. 2018) (*en banc*) (holding this Court's review review of the record is "to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated").

Counsel identified several issues that arguably support this appeal, which we will consider *seriatim*.  First, we review the sufficiency and weight of the evidence supporting Appellant's conviction.  ***Anders*** brief at 11-13.

> A claim challenging the sufficiency of the evidence is a question of law.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.  Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law.  When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict.  Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.  An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court.  A new trial should not be granted because of a

---

[4] Appellant did not file a response to counsel's petition.

mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000) (footnote, internal citations, and quotation marks omitted).

Appellant was convicted of violating § 6105 of the Crimes Code, which provides as follows in relevant part.

**(a) Offense defined.**--

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

. . . .

**(b) Enumerated offenses.**--The following offenses shall apply to subsection (a):

. . . .

Section 3502 (relating to burglary).

. . . .

**(c) Other persons.**--In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):

. . . .

> (2) A person who has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, that may be punishable by a term of imprisonment exceeding two years.

18 Pa.C.S. § 6105.

Mr. Johnson testified at Appellant's trial, indicating that he had known Appellant for a couple of years. Appellant lived across the street from the Prince of Subs restaurant where Mr. Johnson worked, and had been banned from the establishment except for take-out orders. One night several months before the shooting, Appellant attempted to enter the shop to order take-out, but Mr. Johnson refused him entry based upon Appellant's visible signs of intoxication. Appellant threatened Mr. Johnson, resulting in Mr. Johnson's decision to permanently exclude Appellant from the Prince of Subs. N.T. Trial, 3/29/17, at 120-23. On the night in question, Mr. Johnson had entered his vehicle after his shift was completed, and heard at least four gunshots. *Id*. at 125-26. One shot hit the rear tire of his vehicle, and another struck a quarter panel and shattered the window. *Id*.

Two Prince of Subs customers who had been standing near Mr. Johnson's automobile pointed across the street, and Mr. Johnson saw a man duck behind a truck. *Id*. at 126-27. Furious at the damage and fueled by adrenaline, Mr. Johnson ran after the man despite fears that the shooter might be reloading his weapon. *Id*. at 127. Mr. Johnson rounded the truck, saw his

target fleeing, ran after him, and tackled him. *Id*. Upon rolling off the dazed man, Mr. Johnson saw that it was Appellant whom he had tackled. *Id*. at 128. The customers approached from across the street, and one of them picked up a gun from under Appellant. *Id*. at 129.

Police recovered four 9-millimeter shell casings from the area directly across the street from Mr. Johnson's vehicle. *Id*. at 84. Video footage recovered by the police showed Appellant standing in that area, staring across the street at the Prince of Subs, immediately prior to the shooting. *Id*. at 97-98. Testing showed the gun recovered from Appellant was operable, and that it was the weapon used to discharge the casings recovered from the crime scene. N.T. Trial, 3/30/17, at 181. Further, the parties stipulated that Appellant was a person not to possess based upon a 1979 burglary conviction and violations of the Controlled Substance, Drug, Device and Cosmetic Act in 1982, 1994, 1998, and 2003. *Id*. at 156-57.

Based upon this evidence, viewed in the light most favorable to the Commonwealth, we agree with counsel that any challenge to the sufficiency of the evidence would be meritless. Moreover, our review of the record also reveals that the trial court committed no abuse of discretion in concluding that

the verdict was not against the weight of the evidence.[5]  Accordingly, a weight challenge would warrant no relief from this Court.

Counsel also discusses three additional issues that Appellant wished to raise in this appeal.  **Anders** brief at 15-17.  However, as those claims regard the performance of trial counsel, appellate counsel is correct that they are properly addressed in a post-conviction collateral attack, not this direct appeal.  **Id**. at 14 (citing **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), and **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002)).

Therefore, we agree with counsel that the identified issues do not support an appeal.  Further, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous."[6]

---

[5] Although the trial court suggested that Appellant waived his weight claim by failing to state it with sufficient specificity, the court nonetheless examined the evidence and opined that there was no indication "that the jury's verdict was so contrary to the evidence so as to shock one's sense of justice such that the award of a new trial is imperative so that right may be given another opportunity to prevail."  Trial Court Opinion, 10/18/17, at 6.

[6] We note that Appellant sought reconsideration of his sentence in his post-sentence motion, but counsel does not discuss the denial of that request in the **Anders** brief.  However, upon our independent review of the record, we find no abuse of discretion by the trial court.  The court's reasoning in imposing a mitigated-range sentence, albeit the statutory maximum in this instance, was not the product of the sentencing court's having "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision."  **Commonwealth v. Antidormi**, 84 A.3d 736, 760 (Pa.Super. 2014) (internal quotation marks omitted).  **See** Trial Court Opinion, 10/18/17, at 8-9 (explaining that the court considered the relevant factors and determined that the sentence reflected the magnitude of Appellant's crime and will achieve "the requisite rehabilitative, deterrent, and safety objectives").

*Flowers*, *supra* at 1248.  Accordingly, we affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed.  Application to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/25/2018