2018 PA Super 136

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
          Appellee   :
  :
          v.   :
  :
CHRISTIAN JOHN YORGEY,   :
  :
          Appellant   :   No. 3376 EDA 2016

Appeal from the Judgment of Sentence September 26, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0006914-2015

BEFORE: GANTMAN, P.J., BENDER, P.J.E., BOWES, J., PANELLA, J.,
SHOGAN, J., LAZARUS, J., OLSON, J., STABILE, J., and DUBOW, J.

OPINION BY DUBOW, J.:                   **FILED MAY 24, 2018**

Appellant, Christian John Yorgey, appeals from the Judgment of Sentence entered by the Montgomery County Court of Common Pleas following his conviction of one count of Possession of Drug Paraphernalia and two counts of Possession of a Small Amount of Marijuana.[1] On appeal, he challenges the trial court's denial of his Motion to Suppress. Appellant's counsel filed a Petition to Withdraw as Counsel and a Brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), as elucidated by our Supreme Court in ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review,

---

[1] 35 P.S. § 780-113(a)(32) and 35 P.S. § 780-113(a)(31), respectively.

we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

We summarize the relevant facts, as gleaned from the certified record, the suppression hearing, and the trial court's Pa.R.A.P. 1925(a) Opinion, as follows. On December 3, 2015, someone in Appellant's home called 911 to report a domestic dispute at the family's apartment. Corporal Michael Slattery and Officer Jeremy Bonner of the Lower Providence Township Police Department responded to the call.

As they entered the apartment building, Appellant was walking down the stairs from the second-floor apartment. The officers informed Appellant of their purpose, and Officer Bonner remained downstairs with Appellant while Corporal Slattery went upstairs to Appellant's apartment. Corporal Slattery knocked on the door and, after securing the dogs, Ms. Yorgey, Appellant's wife, opened the door and invited him inside the apartment. She then explained to Corporal Slattery that the domestic dispute had been a verbal argument.

Officer Cherelle Cutting arrived in the apartment shortly thereafter, and pointed out to Corporal Slattery that a gold-colored marijuana grinder was sitting in plain view on the floor next to the sofa. When asked about the grinder, Ms. Yorgey told the police officers, "That's not mine. That's [Appellant's] grinder." N.T. Suppression, 7/1/16, at 22, 35. She also stated "[t]hat's where he sits at the couch. He'll do drugs at the table there. He'll

smoke his marijuana there. I don't smoke marijuana. I'm on too many medications. . . . I don't like when he smokes in the house." *Id.* at 23, 35.

Corporal Slattery then went back downstairs to speak with Appellant, patted him down for weapons, and took him into custody for possession of drug paraphernalia, *i.e.*, the marijuana grinder. In conducting a search incident to arrest, Corporal Slattery found a "one-hitter" in Appellant's right-side back pocket.[2] Appellant then informed Corporal Slattery that before they transported him to county jail, he wanted to get his cell phone from his truck. Officer Bonner retrieved the phone from the truck, and then informed Corporal Slattery that he had noticed a strong odor of marijuana coming from inside the vehicle. When Corporal Slattery asked Appellant about the odor, Appellant told him that he would find marijuana in the center console of his truck and gave his permission to retrieve it. Officer Bonner then retrieved a small amount of marijuana and a lit smoking bowl from Appellant's truck.

The Commonwealth charged Appellant with the above offenses. Represented by Kevin Horan, Esq., of the public defender's office, Appellant filed a Motion to Suppress seeking the exclusion of all physical evidence obtained by police officers. At the suppression hearing, Appellant specifically alleged that the officers did not have consent to enter the apartment and

---

[2] A "one-hitter" is a narrow pipe used to provide a single inhalation of ground marijuana. N.T. Suppression, 7/1/16, at 28.

- 3 -

lacked probable cause to arrest him for constructive possession of the marijuana grinder.

On July 1, 2016, the suppression court held a hearing on the motion. Corporal Slattery testified to the above facts. *Id.* at 10-39. Officer Cutting briefly testified that she first observed the marijuana grinder on the floor of the Yorgey apartment and that Ms. Yorgey had unequivocally stated that the marijuana grinder belonged to Appellant. *Id.* at 63-64.

Ms. Yorgey testified for the defense that she did not hear the police knock on the door and did not invite the police inside. *Id.* at 45-48, 51. She further testified that she smokes marijuana, but the marijuana grinder was not hers, and could have belonged to her son, to her nephew, or to Appellant. *Id.* at 53-56, 58. She also testified that the marijuana grinder was on the floor beside her, and that she had handed it to the police officers when they noticed it. *Id.* at 53, 57.

Finding the testimony of Corporal Slattery and Officer Cutting more credible than Ms. Yorgey, the court denied the Motion to Suppress, concluding that the evidence recovered by the police officers in the Yorgey's apartment was sufficient to give rise to probable cause for Appellant's arrest. *Id.* at 86. Because the police officers had lawfully arrested Appellant for his constructive possession of the grinder, the evidence seized from Appellant's person and his truck was not "fruit of the poisonous tree" and was admissible at trial.

Following a trial, a jury found Appellant guilty of the Drug Paraphernalia offense. The court found him guilty of the two Possession of a Small Amount of Marijuana offenses.[3] On September 26, 2016, the trial court imposed an aggregate sentence of 150 days of probation, a $100 fine, and the automatic suspension of his license temporarily.[4] N.T. Trial, 9/26/16, at 212-14. Appellant did not file a Post-Sentence Motion.[5]

On October 26, 2016, public defender Christa M. Miller, Esq., filed a timely appeal on Appellant's behalf. On November 10, 2016, Appellant filed a *pro se* Pa.R.A.P. 1925(b) Statement alleging that trial counsel was ineffective for failing to subpoena relevant evidence and witnesses. Attorney Miller subsequently filed a Motion for Leave to Withdraw due to a conflict created by Appellant's claim of her colleague's ineffectiveness. The trial court granted Attorney Miller's Motion and appointed Bonnie-Ann Brill Keagy, Esq.,

---

[3] Appellant was not entitled to a trial by jury on the Possession of a Small Amount of Marijuana charges because, if convicted, their maximum penalty was only thirty days. *See* 35 P.S. § 780-113(g); *see also Commonwealth v. Harriott*, 919 A.2d 234, 237 (Pa. Super. 2007) (holding that a defendant is entitled to a jury trial where he or she "faces a charge which, alone, could lead to imprisonment beyond six months[,]" but not where the "offense bears a maximum incarceration of six months or less.").

[4] *See* 75 Pa.C.S. § 1532(c) ("The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession . . . of any controlled substance . . .[.]").

[5] Appellant completed his probationary sentence in February 2017. *See* Appellant's Supplemental Brief at 7. The public docket entries also indicate that Appellant paid his $100 fine.

to represent Appellant on direct appeal. The court ordered new counsel to file an amended Pa.R.A.P. 1925(b) Statement.

On February 3, 2017, counsel filed an amended Rule 1925(b) Statement asserting that the trial court erred in denying Appellant's Motion to Suppress because "[n]o exigent circumstances existed to support the search of either the residence or the vehicle." Pa.R.A.P. 1925(b) Statement, filed 2/3/17, at 1. On April 26, 2017, counsel filed a Brief and a Petition to Withdraw pursuant to **Anders** and **Santiago**, **supra**. Appellant did not file a response to counsel's **Anders** Brief.

In her **Anders** Brief, counsel raised one issue:

Did the trial court err when it failed to suppress evidence obtained as the result of the warrantless searches of [Appellant's] residence and vehicle at the time of [Appellant's] arrest when no exigent circumstances existed to support the search of either the residence or the vehicle?

**Anders** Brief at 5 (capitalization and suggested answers omitted).

On August 18, 2017, this Court certified this case for *en banc* review[6] regarding the following issue:

Whether the scope of the appellate court's independent review of the certified record, once Counsel seeks permission to withdraw representation, necessitates: (1) a comprehensive review of the record for any issues that Counsel might have overlooked; (2) review limited to the issues either Counsel or the *pro se* appellant raised; or (3) review limited to the issues raised by either Counsel or *pro se* appellant, and issues that the appellate court is obligated to review *sua sponte*. **Compare Commonwealth v. Flowers**, 113 A.3d 1246 (Pa. Super. 2015) (espousing comprehensive

---

[6] This Court also certified **Commonwealth v. Dempster**, No. 28 EDA 2017 for *en banc* review, which raised the same issue.

- 6 -

review), **with Commonwealth v. Baney**, 860 A.2d 127 (Pa. Super. 2004) (limiting review to issues raised in **Anders** brief and *pro se* response), **and Commonwealth v. Schmidt**, [165 A.3d 1002] (Pa. Super. June 14, 2017) (Gantman, P.J., concurring) (suggesting middle ground level of review, in which appellate court examines entire record for issues raised in briefs and for other issues appearing on face of record which court can raise *sua sponte*)[.]

Order Directing *En Banc* Certification, 8/18/17, at 1-2. The parties have filed supplemental briefs addressing this issue.

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in **Anders** and its progeny. **Commonwealth v. Goodwin**, 928 A.2d 287, 292 (Pa. Super. 2007) (*en banc*).

In **Anders v. California**, 386 U.S. 738 (1967), the United States Supreme Court addressed "the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal." **Id.** at 739. California had permitted Anders's attorney to withdraw based on a simple letter stating, "I will not file a brief . . . there is no merit to the appeal." **Id.** at 742. After concluding that the California procedures violated the Fourteenth Amendment's principles of substantial equality and fair process, the Supreme Court outlined a permissible procedure. **Id.** at 744.

The Supreme Court acknowledged that in cases that involve frivolous appeals, counsel may request and receive permission to withdraw without

depriving the indigent defendant of his right to representation, provided certain safeguards are met. *Id.* at 741-42. Thus, Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that the appeal would be frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the *Anders* brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel. *Id. See also Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005); *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition).

The substance of the *Anders* brief must "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). In *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429 (1988), the U.S. Supreme Court noted that the *Anders* brief is designed, *inter alia*, to assist the court in making "the

critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *Id.* at 439.

Here, counsel's *Anders* Brief has complied with the mandated procedure for withdrawing as counsel.

*Anders* also provides that once the court had determined that counsel satisfied the above requirements, "the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal[.]" *Anders*, 386 U.S. at 744. *See also Commonwealth v. Baker*, 239 A.2d 201 (Pa. 1968) (holding that Pennsylvania courts must follow the *Anders* procedure). Thus, in addition to reviewing counsel's brief submitted with the withdrawal motion to ascertain whether counsel has adequately performed his or her duty with respect to providing proper representation to the appellant, a reviewing court must:

> then proceed[], after a **full examination of all** the proceedings, to decide whether **the case is wholly frivolous**. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders*, *supra* at 744 (emphasis added).

Our Court has inconsistently applied the mandate set forth in *Anders* and its progeny that we conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous" before granting an attorney's

petition to withdraw from representation. *Anders*, *supra* at 744. The discrepancy in our jurisprudence appears to stem from a disagreement as to whether the *Anders* requirement of "a full examination of all the proceedings" pertains only to a review of the record to ascertain "the merits of the appeal" as that appeal has been presented by counsel seeking to withdraw, or whether *Anders* requires a review of the whole record to ascertain complete frivolity, *i.e.*, that no issues appearing to have merit exist. *Id.*; *Santiago*, *supra* at 358.

In some cases, we have limited our scope of review to confirm frivolousness of only those issues presented by counsel in the *Anders* brief. *See*, *e.g.*, *Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa. Super. 2013); *Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2012); and *Commonwealth v. Garang*, 9 A.3d 237, 240-41 (Pa. Super. 2010). In other cases, however, we have defined the scope of review required by *Anders* as one necessitating a review of the entire record for "any other potentially non-frivolous issues." *Commonwealth v. Goodwin*, 928 A.2d 287, 292 (Pa. Super. 2007) (*en banc*). *See also Commonwealth v. Harden*, 103 A.3d 107, 112 (Pa. Super. 2014) (reviewing entire record and finding one issue "worthy of discussion" but ultimately frivolous); *Commonwealth v. Palm*, 903 A.2d 1244, 1247 (Pa. Super. 2006) (independently reviewing entire record before concluding that "we cannot discern any other potentially non-frivolous issues."); *In re S.M.B.*, 856 A.2d

1235, 1238 (Pa. Super. 2004) (same); *Commonwealth v. Ferguson*, 761 A.2d 613, 616 (Pa. Super. 2000) (same).

Although the *Anders* Court did not delineate the exact meaning of "full examination of all the proceedings," the Pennsylvania Supreme Court recognized in *Santiago*, *supra*, that only "complete frivolity . . . supports counsel's request to withdraw and a court's order granting the request." *Santiago*, *supra* at 358 (citation omitted). The *Santiago* Court further observed that *Anders* not only requires counsel to conduct an exhaustive examination of the record, but also "place[s] the responsibility on the reviewing court to make an independent determination of the merits of the appeal." *Id.* at 358.

This Court has stated that "part and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006). This view comports with the main purpose of *Anders*, which is to make sure that an appellant is provided with adequate counsel as required by the Sixth Amendment of the U.S. Constitution. Ultimately, our Court's overriding task is to ensure that a criminal defendant's loss of liberty is reviewed with the gravity to which it is entitled. When counsel seeks to withdraw, *Anders* requires nothing less.

In light of the constitutional rights at issue, we must give *Anders* a most generous reading and review "the case" as presented in the entire record with

consideration first of issues raised by counsel. *Anders*, 386 U.S. at 744.

Contrary to the Dissenting Opinion in *Flowers*, *supra*, this review does not

require this Court to act as counsel or otherwise advocate on behalf of a party.

Rather, it requires us only to conduct a review of the record to ascertain if on

its face, there are non-frivolous issues that counsel, intentionally or not,

missed or misstated. We need not analyze those issues of arguable merit;

just identify them, deny the motion to withdraw, and order counsel to analyze

them.

In the *Anders* Brief, Appellant's counsel raised a challenge to the

suppression court's Order denying Appellant's Motion to Suppress based on

the court's credibility determinations.[7] With respect to the claim raised in the

*Anders* Brief, we note the following principles of law.

In reviewing the denial of a Motion to Suppress, we are limited to

considering only the Commonwealth's evidence and "so much of the evidence

for the defense as remains uncontradicted when read in the context of the

record as a whole." *Commonwealth v. McCoy*, 154 A.3d 813, 815-16 (Pa.

Super. 2017). Where the testimony and other evidence supports the

---

[7] Counsel also considered and rejected three additional issues, including: (1) a challenge to Appellant's initial arrest for possessing the marijuana grinder; (2) the illegal seizure of the marijuana grinder; and (3) Appellant's desire to assert trial counsel's ineffectiveness for failing to obtain and admit evidence showing that Ms. Yorgey smokes marijuana. *Anders* Brief at 15-17. We agree with counsel that these issues are either meritless or waived for failure to present those arguments in the lower court. Moreover, Appellant's ineffectiveness claim is moot because he is no longer serving a sentence and there is no remedy available. 42 Pa.C.S. § 9543(a)(1)(i).

suppression court's findings of fact, we are bound by them and "may reverse only if the court erred in reaching its legal conclusions based upon the facts." *Id.* at 816. It is within the exclusive province of the suppression court to "pass on the credibility of witnesses and determine the weight to be given to their testimony." *Id.* This Court will not disturb a suppression court's credibility determination absent a clear and manifest error. *Commonwealth v. Camacho*, 625 A.2d 1242, 1245 (Pa. Super. 1993).

Whether the police have consent to enter and search a residence is an issue of credibility "properly left to the trier of fact for resolution." *Commonwealth v. Whack*, 393 A.2d 417, 419 (Pa. 1978). Once inside a residence, the plain view doctrine permits a warrantless seizure of evidence when an officer views it from a lawful vantage point, and it is immediately apparent that that object is incriminating. *Commonwealth v. Petroll*, 738 A.2d 993, 999 (Pa. 1999).

When the police do not find the contraband in question on the defendant's person, the Commonwealth must prove that the defendant constructively possessed it. *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003). The Commonwealth may establish constructive possession by the totality of the circumstances. *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004).

Furthermore, the "search incident to arrest" exception to warrantless searches permits police to search an arrestee's person as a matter of course,

without a case-by-case adjudication of whether such search is likely to protect officer safety or evidence. ***Commonwealth v. Simonson***, 148 A.3d 792, 799 (Pa. Super. 2016).

Our review of the record, specifically the Notes of Testimony from the suppression hearing, indicates that the court found credible the testimony of Corporal Slattery and Officer Cutting that Ms. Yorgey gave Corporal Slattery permission to enter the Yorgey home, and that the marijuana grinder was in plain view on the apartment floor. In so concluding, the suppression court did not commit a "clear and manifest error" and we will not disturb the suppression court's credibility determinations. We further conclude that the police had probable cause to arrest Appellant for constructive possession of the grinder, and, therefore, the search of Appellant's person incident to arrest, which yielded a small amount of marijuana, a lit marijuana bowl, and a "one-hitter" was legal.

Simply stated, Appellant is dissatisfied that the suppression court did not believe his wife's story that she did not give the police consent to enter the apartment. This is, at its core, a challenge to the credibility determinations made by the suppression court. Credibility determinations are exclusively within the province of the suppression court and may not be disturbed absent a finding of clear and manifest error. ***See Commonwealth v. Camacho***, 625 A.2d 1242, 1245 (Pa. Super. 1993). Our review of the record supports

the suppression court's findings of fact, and, not having detected a manifest error, we decline to disturb the suppression court's credibility determination.

Accordingly, Appellant's claim that the trial court erred in denying his Motion to Suppress lacks merit. Furthermore, after conducting a full examination of all the proceedings as required pursuant to ***Anders***, we discern no non-frivolous issues to be raised on appeal. We therefore grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

Petition to Withdraw granted. Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/18