J-S12018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODNEY JAY JOHNSON, JR. | : | |
| | : | |
| Appellant | : | No. 1042 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 6, 2018
In the Court of Common Pleas of Fulton County Criminal Division at
No(s): CP-29-CR-0000083-2017

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED AUGUST 15, 2019**

Appellant, Rodney Jay Johnson, Jr., appeals from the June 6, 2018 Judgment of Sentence entered in the Fulton County Court of Common Pleas following his non-jury conviction for two counts of Persons Not to Possess Firearms.[1] Appellant challenges the denial of his Motion to Suppress statements that he made to police, asserting that he did not knowingly and intelligently waive his **Miranda**[2] rights. After careful review, we affirm.

A detailed recitation of the factual and procedural history is not necessary to our disposition. Briefly, Pennsylvania State Police arrested Appellant on May 26, 2017, for the sale of two firearms to another individual on April 7, 2017, when Appellant had been disqualified from possessing

_____

[1] 18 Pa.C.S. § 6105(a)(1).

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

firearms due to prior felony convictions in Florida. On the same day, Trooper J.R. Holderbaum read Appellant his *Miranda* rights and conducted a recorded interview of Appellant at the police station.

On September 18, 2017, Appellant filed an Omnibus Pre-Trial Motion, which included a Motion to Suppress Appellant's statements to police because he did not knowingly and intelligently waive his *Miranda* rights.

On December 5, 2017, the suppression court held a hearing on Appellant's Motion. The Commonwealth entered the May 26, 2017 recorded police interview into evidence. *See* Commonwealth Exhibit 1, Police Interview. At the beginning of the interview, Trooper Holderbaum states to Appellant, "Before we get started, since you are under arrest, I got to read you your rights, alright. Then I'll explain what this is all about." Commonwealth Exhibit 1, Police Interview. After Trooper Holderbaum read *Miranda* warnings to Appellant, the following exchange occurred:

> Appellant: I understand.
>
> Trooper Holderbaum: Alright, you're being charged, uh, you're a convicted felon, right?
>
> Appellant: Um-hum (nodding affirmatively).
>
> Trooper Holderbaum: You had some burglaries and thefts out of Florida (last two works inaudible).
>
> Appellant: Um-hum (nodding affirmatively).
>
> Trooper Holderbaum: Alright, you're being charged with Person Not to Possess a Firearm . . .

*Id.* Trooper Holderbaum proceeded to question Appellant about his involvement with stolen firearms from Franklin County that Appellant allegedly sold in Fulton County. Appellant made incriminating statements that the Commonwealth later used against him at trial.

On February 26, 2018, the suppression court issued an Opinion and Order of Court denying Appellant's Motion to Suppress. Appellant filed a Motion to Reconsider, which the suppression court denied on March 19, 2018.

On June 6, 2018, after a bench trial where the parties entered all evidence by stipulation, the trial court convicted Appellant of two counts of Persons Not to Possess Firearms. The trial court sentenced Appellant to an aggregate term of 60 to 120 months' incarceration.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal: "Whether the trial court erred by denying Appellant's Motion to Suppress the statement he made to the police, as well as his corresponding Motion for Reconsideration, where Appellant did not knowingly and intelligently waive his *Miranda* rights?" Appellant's Brief at 4.

When we review the denial of a Motion to Suppress, "we are limited to considering only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1198 (Pa. Super. 2018) (*en banc*) (citation and internal quotation marks omitted). When

- 3 -

the testimony and other evidence support the trial court's findings of fact, this Court is bound by them and we "may reverse only if the court erred in reaching its legal conclusions based upon the facts." *Id.* at 1198 (citation omitted). "Moreover, it is within the lower court's province to pass on the credibility of witnesses and determine the weight to be given to their testimony." *Commonwealth v. McCoy*, 154 A.3d 813, 816 (Pa. Super. 2017). This Court will not disturb a suppression court's credibility determination absent a clear and manifest error. *Commonwealth v. Camacho*, 625 A.2d 1242, 1245 (Pa. Super. 1993).

"The scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing." *Commonwealth v. Neal*, 151 A.3d 1068, 1071 (Pa. Super. 2016). Importantly, "[o]nce a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. Wallace*, 42 A.3d 1040, 1047-48 (Pa. 2012) (citing Pa.R.Crim.P. 581(H)).

In his sole issue on appeal, Appellant avers that his *Miranda* waiver was not valid because Trooper Holderbaum immediately started asking incriminating questions after giving Appellant *Miranda* warnings and before advising him of the "nature of the transaction." Appellant's Brief at 10, 15 (citing *Commonwealth v. Dixon,* 379 A.2d 553, 555 (Pa. 1977)). Specifically, Appellant asserts that because proving that a person has a prior felony conviction is an element of the offense with which Appellant was

charged, when Trooper Holderbaum asked Appellant if he had a prior felony conviction in Florida, Trooper Holderbaum first obtained an admission as to an element of the offense and then advised Appellant of the offense. *Id.* at 16-17. Therefore, Appellant asserts, his *Miranda* waiver was invalid. *Id.* at 16.

Generally, "because of the inherently coercive nature of police custodial interrogation, statements elicited from an accused in that environment are inadmissible unless the accused was informed of and, *inter alia*, voluntarily waived his privilege against self-incrimination and the right to counsel." *Commonwealth v. Clemons*, 200 A.3d 441, 471–72 (Pa. 2019) (citing *Commonwealth v. Lyons*, 79 A.3d 1053, 1066 (Pa. 2013)). To determine whether a waiver is valid, a suppression court must look to the totality of the circumstances surrounding the waiver, "including but not limited to the declarant's physical and psychological state, the attitude exhibited by the police during the interrogation, and any other factors which may serve to drain one's powers of resistance to suggestion and coercion." *Id.* at 472 (citing *Lyons*, 79 A.3d at 1066). A valid waiver does not necessarily require a verbal expression of waiver and "can be clearly inferred from the actions and words of the person interrogated." *Commonwealth v. Bomar*, 826 A.2d 831, 843 (Pa. 2003) (citation omitted). A waiver is valid if a person clearly indicates that they understand their *Miranda* rights and "immediately thereafter" proceeds to answer questions posed by police "during the course of the same dialogue." *Id.*

Our Supreme Court has consistently held that a valid waiver of **Miranda** rights requires that "the suspect is aware of the general nature of the transaction giving rise to the investigation." **Commonwealth v. Johnson**, 160 A.3d 127, 138 (Pa. 2017) (citing **Dixon**, 379 A.2d at 556). The suspect cannot understand the consequences of waiving **Miranda** rights unless they possess this knowledge. **Dixon**, 379 A.2d at 556. "It is a far different thing to forgo a lawyer where a traffic offense is involved than to waive counsel where first degree murder is at stake." **Commonwealth v. Collins**, 259 A.2d 160, 163 (Pa. 1969). When a defendant asserts that his **Miranda** waiver is invalid on this basis, "the Commonwealth must establish, by a preponderance of the evidence, that the defendant was aware of the reason for the interrogation." **Johnson**, 160 A.3d at 138.

While Appellant cites **Dixon, supra**, to support his argument that he did not knowingly and intelligently waive his **Miranda** rights, **Dixon** is factually distinguishable from the instant case. In **Dixon**, the police were investigating appellant for the murder of her child at the same time they were serving a warrant upon her for failure to pay restitution regarding a prior conviction for Malicious Mischief. **Dixon**, 379 A.2d at 554-55. Police read the appellant her **Miranda** rights without informing her which crime they were investigating; Appellant stated that she understood her **Miranda** rights and signed a written waiver form. **Id**. at 555. Police then began questioning the appellant regarding the death of her child. **Id.** The Court found the appellant's waiver to be unintelligent because at the time she signed the waiver there

was a "palpable ambiguity" as to the nature of the crime that police were investigating. *Id.* at 557.

In contrast, in the instant case, in a matter of a few seconds, Appellant indicated that he understood his *Miranda* rights, police informed him of the nature of the crime that was the subject of the interrogation, and Appellant began answering questions without invoking his *Miranda* rights. Unlike the invalid waiver in *Dixon*, in this case there was no "palpable ambiguity" as to the nature of the crime being investigated.

The suppression court characterized Trooper Holderbaum's question regarding Appellant's prior felony conviction in Florida as "help[ing] to elucidate the current matter under investigation" rather than the beginning of the interrogation. Order of Court, filed 3/26/18, at 2 (unpaginated). The suppression court concluded that the Commonwealth proved that Appellant knowingly and intelligently waived his *Miranda* rights **after** Appellant was aware of the reason for the interrogation. The suppression court opined:

> At the beginning of the investigation, Trooper Holderbaum advised [Appellant] of his *Miranda* rights. After [Appellant] was advised of these rights, the Trooper informed [Appellant] of the subject matter under investigation. At no point in time, prior to informing [Appellant] of the nature of the charges under investigation, did the Trooper obtain a waiver from [Appellant]. In other words, [Appellant] did not waive his *Miranda* rights prior to being informed of the charges against him. [Appellant] waived his rights by the act of responding to the Trooper's questions, after being informed of his rights and after being informed about the nature of the investigation. Accordingly, [Appellant]'s waiver was knowing and intelligent and therefore, [Appellant]'s Motion to Suppress is denied.

Opinion and Order of Court, filed 2/26/18, at 4. The evidence supports the suppression court's findings and we decline to find error.

We reject Appellant's argument that he answered incriminating questions prior to police informing him of the nature of the crime they were investigating. Rather, we accept the suppression court's finding that Trooper Holderbaum asked the questions regarding Appellant's prior felony convictions in Florida to help Appellant understand the nature of the charges against him.

In conclusion, we find that Appellant knowingly and intelligently waived his **Miranda** rights and the suppression court did not err when it denied Appellant's Motion to Suppress.[3]

Judgment of Sentence affirmed.

_____

[3] We note that Appellant avers in the alternative, without citation to precedential authority, that his waiver was not valid because it was implicit rather than explicit. Appellant's Brief at 14-16. He relies on **Commonwealth v. Bussey**, 404 A.2d 1309 (Pa. 1979), and its progeny to support his argument. In **Bussey**, a three-Justice plurality of the Pennsylvania Supreme Court rejected the more lenient Federal constitutional rule that a defendant can implicitly waive his **Miranda** rights, instead holding that "an explicit waiver is a mandatory requirement." **Bussey**, 404 A.2d at 1314. Our Supreme Court has subsequently concluded, "[b]ecause **Bussey** was not a majority opinion, it is not a binding precedent." **Bomar**, 826 A.2d at 844. As discussed above, in **Bomar**, our Supreme Court more recently held that a defendant's twice stating he understood his Miranda rights after they were read to him and answering questions immediately thereafter sufficiently "manifested the intent to waive his rights." **Id.** at 844 n. 13. Accordingly, Appellant's argument lacks merit.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/15/2019