J-S46026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC MACKEY | : | |
| | : | |
| Appellant | : | No. 53 EDA 2020 |

Appeal from the Judgment of Sentence Entered August 6, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004316-2018

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED:  FEBRUARY 22, 2021**

Appellant, Eric Mackey, filed a notice of appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on August 6, 2019.  In addition, Appellant's counsel has filed a petition to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the procedural history of this case as follows:[1]

---

[1] The trial court sets forth in great detail the horrific facts of the crimes committed in this case in its Pa.R.A.P. 1925(a) opinion filed February 12, 2020.  We shall not repeat them herein.

On August 6, 2019, following a jury trial before this [c]ourt, [Appellant] was convicted of one count each of murder of the first degree (18 Pa.C.S. § 2502(a)), possessing an instrument of crime ("PIC") (18 Pa.C.S. § 907(a)), and abuse of a corpse (18 Pa.C.S. § 5510). The [c]ourt immediately imposed the mandatory sentence of life in prison for the murder charge (18 Pa.C.S. § 1102(a)(1)), with consecutive terms of 2 1/2 to 5 years incarceration for PIC and 1 to 2 years incarceration for abuse of a corpse, for an aggregate sentence of life plus 3 1/2 to 7 years. [Appellant] timely filed post-sentence motions, which the [c]ourt denied on December 3, 2019.

Trial Court Opinion, 2/12/20, at 1. Appellant filed a timely notice of appeal on December 19, 2019. Appellant and the trial court complied with Pa.R.A.P. 1925. The trial court summarized the issues raised in Appellant's Pa.R.A.P. 1925(b) statement as follows:

[Appellant] has now appealed from the judgment of sentence entered by the Court on the grounds that: 1) the evidence was legally insufficient to sustain the verdict; 2) the verdict was against the weight of the evidence; and 3) the Court "erred and/or abused its discretion when it permitted, over objection of the defendant, the Commonwealth to question a defense witness concerning a sexual harassment claim against him at a prior place of employment." Concise Statement of Matters Complained of on Appeal ("Statement of Matters") at ¶ 1-3.

Trial Court Opinion, 2/12/20, at 1.

Before we address questions raised on appeal, we must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* (internal citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a conscientious review of the record and concluded that the present appeal is wholly frivolous. Counsel asserts that he sent Appellant a copy of the *Anders* brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition. In the letter, counsel advised Appellant that he could represent himself or retain private counsel to represent him.[2]

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

_____

[2] Counsel initially failed to attach a letter to Appellant, informing him of his right to retain counsel or proceed *pro se* in this appeal, to counsel's petition to withdraw. This Court issued an order on April 22, 2020, directing counsel to provide to Appellant and this Court copies of a letter to Appellant advising him of these rights. On May 1, 2020, Counsel provided to this Court a copy of said letter.

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel's brief is compliant with *Santiago*. It presents the procedural history of this case, outlines pertinent case authority, cites to the record, and refers to issues of arguable merit. *Anders* Brief at 4-30. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. *Id.* at 12-30. Satisfied that counsel has met the technical requirements of *Anders* and *Santiago*, we proceed with our independent review of the record and address the issues presented on Appellant's behalf.

Appellant poses the following issue in his *Anders* Brief: "Whether there are any issues of arguable merit that could be raised on direct appeal presently before this court and whether the appeal is wholly frivolous?" *Anders* Brief at 3 (full capitalization omitted). Although this single issue is listed in the Statement of Questions Involved in the *Anders* Brief, counsel addresses within the brief each of the claims raised in the Pa.R.A.P. 1925(b) statement. *Anders* Brief at 14-30.[3]

---

[3] In his Pa.R.A.P. 1925(b) statement, Appellant raised the following issues:

   1. [Appellant] is entitled to an arrest of judgment with regard to his convictions since the Commonwealth failed to sustain its burden of proving [Appellant] guilty beyond a reasonable doubt. The Commonwealth's case lacked any direct evidence to establish

We conclude that the trial court's Pa.R.A.P. 1925(a) opinion thoroughly and accurately addresses the issues addressed in Appellant's **Anders** Brief. Thus, we agree with counsel and the trial court that the issues raised in Appellant's Pa.R.A.P. 1925(b) statement and the **Anders** Brief lack merit or are waived for the reasons outlined in the trial court's Pa.R.A.P. 1925(a) opinion.[4]

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case.

_____

beyond a reasonable doubt [Appellant's] guilt and the verdict is inconsistent with the evidence presented at trial. The evidence is insufficient to support the verdict and the conviction should be dismissed.

2. [Appellant] is entitled to a new trial with regard to all charges since the verdict is against the weight of the evidence. The totality of the credible evidence presented at trial failed to prove [Appellant's] guilt to any of the charged offenses beyond a reasonable doubt. As such, it is respectfully submitted the weight of the credible evidence tended to show [Appellant] did not commit the alleged offenses.

3. The Trial Court erred and/or abused its discretion when it permitted, over objection of [Appellant], the Commonwealth to question a defense witness concerning a sexual harassment claim against him at a prior place of employment. (N.T., 8/5/18, p. 42-43). While the [c]ourt instructed the jury to disregard this testimony, [Appellant] was still unduly prejudiced and should be granted a new trial.

Pa.R.A.P. 1925(b) Statement, 1/6/20, at 1-2.

[4] The parties are directed to attach a copy of the trial court's February 12, 2020 opinion in the event of further proceedings.

- 5 -

***Commonwealth v. Yorgey***, 188 A.3d 1190, 1198-1199 (Pa. Super. 2018) (*en banc*). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw and affirm the judgment of sentence.

Petition of counsel to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/21