J-S34014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :            PENNSYLVANIA
                                                  :

            v.                                    :
                                                :
                                                :

ALFREDO SANCHEZ BARBOZA        :
                                                :

           Appellant                :    No. 1303 WDA 2021

Appeal from the Judgment of Sentence Entered August 6, 2021
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000002-2020

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:           **FILED: DECEMBER 9, 2022**

Appellant, Alfredo Sanchez Barboza, appeals from the judgment of sentence entered on August 6, 2021, after a jury convicted him of Possession with Intent to Deliver a Controlled Substance, Possession of a Controlled Substance, and Possession of Drug Paraphernalia.[1] Appellant challenges the trial court's denial of his pre-trial motion to suppress evidence. After careful review, we affirm.

On December 24, 2019, Pennsylvania State Trooper Brian Rousseau conducted a traffic stop of Appellant's vehicle. During the stop, Trooper Rousseau determined that Appellant did not own the vehicle and was driving

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), and 780-113(a)(32), respectively.

with a suspended license.[2] At some point, Trooper Rousseau requested that Appellant exit the vehicle. Shortly thereafter, Trooper Rousseau obtained Appellant's consent to search the vehicle.

Trooper Rousseau found a duffle bag behind the driver's seat. Inside, he discovered a grocery bag containing an unknown white substance. Subsequent testing revealed that the substance was 219 grams of fentanyl. Trooper Rousseau placed Appellant under arrest. The search also uncovered three cellphones. Based primarily on the fentanyl, police obtained a warrant to search the phones.[3]

On July 21, 2020, Appellant filed an omnibus pretrial motion seeking, *inter alia*, to suppress evidence derived from the vehicle search. Appellant argued that his consent to search his vehicle resulted from an illegal detention and, therefore, the court must suppress any evidence derived from the search.

The court held a suppression hearing beginning on August 18, 2020, and continuing on October 5, 2020. Trooper Rousseau was the only witness to testify regarding suppression.[4] Trooper Rousseau testified, in relevant part, that when police conduct a traffic stop in which none of the occupants of the vehicle are licensed, and the vehicle is stopped at an unsafe location, State

_____

[2] There were two passengers in the vehicle with Appellant. Neither passenger was licensed nor owned the vehicle.

[3] The phones contained evidence that Appellant was "trafficking in drugs[.]" N.T. Hr'g, 8/18/20, at 74.

[4] Appellant testified at the hearing, limited to a request for bail.

Police protocol is to tow the vehicle. Before towing the vehicle, the police must conduct an inventory search to account for items in the vehicle.

After receiving post-hearing briefs, the court denied Appellant's motion.[5] It agreed that Appellant's consent resulted from an illegal detention.[6] The court found, however, that the police would have inevitably discovered the fentanyl because, pursuant to protocol, the police would have towed Appellant's vehicle and conducted an inventory search. The court, thus, deemed the evidence discovered in the vehicle search to be admissible at trial.

Appellant's jury trial took place on May 3 and 4, 2021. At the conclusion of trial, the jury convicted Appellant of the above charges. On August 6, 2021, the court sentenced Appellant to an aggregate term of 7½ to 15 years' incarceration. Appellant timely filed a Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review.

> 1. Did the trial court err in concluding that [Appellant's] right to be free from unreasonable searches and seizures under the United States and Pennsylvania Constitutions was not violated when it refused to suppress a controlled substance and drug paraphernalia on the basis that they would have been inevitably discovered

---

[5] The court granted Appellant's request to suppress a statement he made to police regarding ownership of the bag in question. That decision is not before us on appeal.

[6] The court found that Trooper Rousseau subjected Appellant to an investigative detention when he removed Appellant from the vehicle and requested consent to search. Trial Ct. Op., 12/15/20, at 7. The court found that the detention was not supported by reasonable suspicion of criminal activity and, therefore, Appellant's consent was not freely given. *Id.* At 9-10.

through an inventory search that was explicitly motivated by a purpose of searching for contraband?

2. Did the trial court err in concluding that [Appellant's] right to be free from unreasonable searches and seizures under the United States and Pennsylvania Constitutions was not violated when it refused to suppress the data received from the cellular telephones and SIM card found in the vehicle driven by [Appellant] as "fruit of the poisonous tree" of the controlled substance and drug paraphernalia illegally found in and seized from that same vehicle?

Appellant's Br. at 4.

## A.

Both of Appellant's issues challenge the suppression court's denial of his motion to suppress evidence derived from Trooper Rousseau's search. As a result, we address the issues together.

When we review the denial of a motion to suppress, we are "limited to considering only the Commonwealth's evidence [adduced at the suppression hearing,] and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1198 (Pa. Super. 2018) (*en banc*) (citation and internal quotation marks omitted). We are highly deferential to the suppression court's factual findings and credibility determinations. **Commonwealth v. Batista**, 219 A.3d 1199, 1206 (Pa. Super. 2019). If the record supports the suppression court's findings, we may not substitute our own. **Id.** We give no deference to the suppression court's legal conclusions, however, and review them de novo. **Id.**

## B.

Appellant's issues involve the application of the inevitable discovery rule where the inventory search exception to the general warrant requirement applies. The following precepts inform our review.

Upon lawfully impounding a vehicle, the police may conduct an inventory search of the vehicle pursuant to reasonable, standard protocols. *Commonwealth v. Hennigan*, 753 A.2d 245, 255 (Pa. Super. 2000). Because the search is intended to safeguard seized items, and not for investigatory purposes, the search does not need to be authorized by a warrant or supported by probable cause. *Id.*

Under the inevitable discovery rule, "evidence that ultimately or inevitably would have been recovered by lawful means should not be suppressed despite the fact that its actual recovery was accomplished through illegal actions." *Commonwealth v. Gonzalez*, 979 A.2d 879, 890 (Pa. Super. 2009) (citation omitted). The rule applies where "the prosecution [establishes] by a preponderance of the evidence that the illegally obtained evidence ultimately or inevitably would have been discovered by lawful means[.]" *Commonwealth v. Bailey*, 986 A.2d 860, 862 (Pa. Super. 2009) (citation omitted).

This Court has explained that at the intersection of these rules, even where police perform an illegal search of a vehicle before it is impounded, if they would have inevitably discovered the seized evidence during a routine inventory search of the impounded vehicle, the evidence is admissible under the inevitable discovery rule. *See Bailey*, 986 A.2d at 863.

In the instant case, the suppression court determined that because the police were legally permitted to impound Appellant's vehicle, and State Police protocol would have resulted in an inventory search of the vehicle upon towing, the police would have inevitably discovered the fentanyl. Thus, regardless of the legality of Appellant's consent to search the vehicle, the evidence is admissible under the inevitable discovery rule. Trial Ct. Op., 12/15/20, at 10-16. **See also** Trial Ct. Op., 2/25/22, at 15.

The record supports the trial court's factual findings. Trooper Rousseau testified at the suppression hearing that when police "conduct a traffic stop in which all of the occupants of the vehicle are unlicensed drivers, [t]he protocol is to have the vehicle towed[.]" N.T. Hr'g, 8/18/20, at 18-19. Moreover, Appellant's car posed a hazard to other drivers, and required towing for safety. **Id.** at 64.[7]

Regarding the inventory search, Trooper Rousseau explained that "any time that a vehicle is towed, [State Police protocol] is to have an inventory search performed. The purpose of the inventory search is to make sure any valuables are accounted for[.]" **Id.** At 19.

---

[7] Appellant does not challenge the legality of the State Police's impoundment of his vehicle. We note that where "a person operates a motor vehicle . . .while the person's operating privilege is suspended," the police may "in the interest of public safety, direct that the vehicle be towed[.]" 75 Pa.C.S. § 6309.2(a)(1). Here, Trooper Rousseau testified that Appellant was driving with a suspended license, and his stopped vehicle posed a traffic hazard because it was parked on a highway off-ramp, near a sharp curve, and on an evening where increased fog reduced visibility. N.T. Hr'g, 8/18/20, at 64.

Since the record supports the suppression court's factual findings, we defer to them. Further, we agree with the suppression court's application of the law to these facts. Since the State Police were legally permitted to tow Appellant's vehicle, State Police protocol would have resulted in an inventory search of the vehicle. In inventorying the contents of the vehicle, the police would have discovered the fentanyl.[8] We discern no error of law.

## C.

In conclusion, we affirm the trial court's order denying Appellant's motion to suppress evidence derived from Trooper Rousseau's search of Appellant's vehicle.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2022

---

[8] Appellant argues solely that Trooper Rousseau's investigatory motive in requesting consent to search Appellant's vehicle precludes application of the inevitable discovery rule. Appellant's Br. at 17-36. Trooper Rousseau's motive in conducting the *actual* search is not relevant, however, since the inevitable discovery rule asks only whether, in the absence of the illegal search, the police *would have* inevitably discovered the fentanyl through an inventory search. **See Gonzalez**, 979 A.2d at 890. Appellant's argument has no merit.