J-A27042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND LEE PHILLIPS | : | |
| | : | |
| Appellant | : | No. 812 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 26, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002231-2023

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:           **FILED: MARCH 26, 2025**

Raymond Lee Phillips appeals from the judgment of sentence entered following his convictions for persons not to possess firearms, firearms not to be carried without a license, and possession of a small amount of marijuana.[1] Counsel has filed a motion to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). We affirm the judgment of sentence and grant counsel's motion to withdraw.

Phillips' convictions arise from his encounter with Officer Jeremy Weinman. After this encounter, Officer Weinman recovered a firearm and a bag of marijuana. Phillips filed a motion to suppress all evidence, asserting that Officer Weinman did not have reasonable suspicion to subject him to an investigative detention.

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 35 P.S. § 780-113(a)(31), respectively.

The court made the following findings of fact after a hearing on the motion:

1. On May 17, 2023, Officer Weinman was dispatched to 255 Chestnut Street, Reading, Berks County, Pennsylvania, for a parking complaint. He was in uniform, wearing a badge of authority and operating a marked patrol vehicle.

2. Officer Weinman arrived at the 200 block of Grape Street and noticed a vehicle parked between two "no parking" signs. There were three people inside the vehicle.

3. Phillips was outside of the parked vehicle but leaning into it through the driver's side window.

4. Officer Weinman observed that Phillips was holding a bag of suspected marijuana in his hand and asked him about it. Phillips walked over to Officer Weinman and handed him the bag of suspected marijuana.

5. Officer Weinman asked Phillips for his identification. Phillips provided him with his ID.

6. Phillips began to walk away from the scene but was instructed by Officer Weinman to return. Phillips was turning his hip away from Officer Weinman.

7. Phillips was searched by Officer Weinman. He discovered an additional bag of suspected marijuana and a firearm in Phillips' waistband.

8. Phillips is not legally permitted to possess a firearm and does not have a license to carry.

Findings of Fact and Conclusions of Law in Disposition of the Defendant's Omnibus Pretrial Motion, filed 11/28/23, at 1-2. Phillips proceeded with a bench trial where the trial court found him guilty of the above-mentioned offenses. It sentenced Phillips to a term of six to 12 years' imprisonment for persons not to possess firearms and a concurrent term of three and one half

to seven years imprisonment for firearms not to be carried without a license. It imposed a fine of $200 for possession of a small amount of marijuana. Phillips filed a post-sentence motion challenging the court's denial of his motion to suppress and the weight and sufficiency of the evidence. The court denied the motion.

This timely appeal followed. In this Court, counsel has filed both an *Anders* brief and a motion to withdraw as counsel. Phillips did not file a response to the motion or brief.

When counsel seeks to withdraw under *Anders*, counsel "must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that the appeal would be frivolous." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*).

Counsel's *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Counsel also must provide a copy of the brief to the appellant and inform the appellant of their right to immediately proceed *pro se* or with private counsel. *See Yorgey*, 188 A.3d at 1195-96. When counsel has satisfied these requirements, we then

must conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." ***Anders***, 386 U.S. at 744.

Counsel has complied with the requirements to withdraw his representation. He filed a motion to withdraw stating that after his examination of the record, he believes the appeal is frivolous. ***See*** Motion to Withdraw as Counsel, filed 9/6/24. Counsel also sent a letter to Phillips informing him of his right to retain new counsel or proceed *pro se* and to raise any arguments he wished before this Court.

Counsel has also complied with the requirements for an ***Anders*** brief. Counsel has provided a summary of the procedural history and facts; refers to the issue he believes arguably supports the appeal; has set forth his conclusion that the appeal is frivolous; and his reasons for that conclusion.

In the ***Anders*** brief, counsel identifies one issue: "Whether the Court erred in denying the Suppression Motion in this matter[?]" ***Anders*** Br. at 6. He notes that Phillips argues "that the Officer did not have reasonable suspicion to subject [Phillips] to an investigative detention and subsequent search." ***Id.*** at 10. Counsel concludes that this claim is frivolous because Officer Weinman seeing marijuana in Phillips' hand gave him reasonable suspicion that Phillips was committing the crime of possessing marijuana. Counsel explains that pursuant to Rule 502 of the Pennsylvania Rules of Criminal Procedure this gave Officer Weinman the right to arrest Phillips without a warrant. ***See*** Pa.R.Crim.P. 502(2)(a). Counsel also notes that the

subsequent recovery of evidence from Phillips was conducted pursuant to a search incident to arrest. We agree with counsel that the appeal is frivolous.

We review a challenge to the denial of a motion to suppress by "determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." ***Commonwealth v. McClellan***, 178 A.3d 874, 880 (Pa.Super. 2018) (quoting ***Commonwealth v. Jones***, 121 A.3d 526 (Pa.Super. 2015)).

In this Commonwealth, it is prohibited to possess a small amount of marijuana for personal use and the crime is graded as a misdemeanor. 35 P.S. §§ 780-113(a)(31)(i) and 780-113(g). Rule 502 of the Pennsylvania Rules of Criminal Procedure provides that an officer may arrest a person without a warrant "when the offense is a murder, felony, or misdemeanor committed in the presence of the police officer making the arrest[.]" Pa.R.Crim.P. 502(2)(a). Additionally, when an officer performs a lawful arrest, the officer may "fully search the person incident to arrest" and "any evidence seized as a result of a search incident to a lawful arrest is admissible in later proceedings." ***Commonwealth v. Ingram***, 814 A.2d 264, 272 (Pa.Super. 2002).

Phillips' issue is frivolous. Officer Weinman saw Phillips holding a bag of marijuana, a misdemeanor offense. Since Phillips committed this offense in the presence of Officer Weinman, he lawfully arrested Phillips. ***See*** Pa.R.Crim.P. 502(2)(a). Following the lawful arrest, Officer Weinman fully searched Phillips incident to that arrest. As such, the marijuana and firearm

that Officer Weinman seized as a result of that search were admissible. ***See***

***Ingram***, 814 A.2d at 272. There is no reasonable basis on which to challenge

the denial of the motion to suppress.

Our independent review discloses no non-frivolous issues. We therefore

grant counsel's motion to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Motion to Withdraw granted.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/26/2025