J-S38002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN GIRARD MILLER, JR. | : | |
| | : | |
| Appellant | : | No. 1576 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 2, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0001550-2023

BEFORE:  McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED FEBRUARY 10, 2026**

Steven Girard Miller, Jr. appeals from the judgment of sentence entered after he was convicted of open lewdness. **See** 18 Pa.C.S.A. § 5901. Miller's counsel ("Counsel") has filed an **Anders** brief[1] and application to withdraw. We affirm Miller's judgment of sentence and grant Counsel's application to withdraw.

When viewed in the light most favorable to the Commonwealth, as verdict-winner, the evidence at Miller's non-jury trial establishes that he was confronted by the father of his 14-year-old neighbor about something Miller allegedly posted about the boy on social media. While the father was shouting in the common hallway of their apartment building, Miller left his apartment

---

[1] **See Anders v. California**, 386 U.S. 738 (1967).

and entered the common area completely nude. He accused his neighbors of being sex traffickers.

The court sentenced Miller to one year of probation and ordered him to undergo a mental health evaluation and follow recommended treatment. The court further ordered Miller to have no criminal contact with the victims while they were living in the same building, and no contact with them thereafter. Finally, as a condition of probation, the court ordered Miller not to post on social media regarding the victims. Miller filed a post-sentence motion asking only that the court shorten the duration of his probation. The court denied the motion, and Miller timely appealed.

As stated above, counsel has filed an application to withdraw and an *Anders* brief. Before we turn to the merits of Miller's appeal, we must determine the adequacy of Counsel's request to withdraw. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*). Counsel withdrawing pursuant to ***Anders*** "must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that the appeal would be frivolous." ***Id.*** Counsel is also required to file an *Anders* brief which must,

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

- 2 -

*Id.* at 1196 (citation omitted). Finally, counsel must "provide a copy of the *Anders* brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel." *Id.* at 1195-96. If counsel has complied with these requirements, we will conduct a "full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* at 1196 (citation omitted).

In her application to withdraw, Counsel represented that she "has made a conscientious examination of the record in this case and has determined that an appeal is wholly frivolous." Application to Withdraw as Counsel, filed 8/18/25, at ¶ 1. Counsel also represented that she has communicated with Miller "and has notified him in detail regarding counsel's legal opinion regarding the frivolity of pursuing this appeal." *Id.* at ¶ 2. Counsel attached a copy of the *Anders* brief. *Id.* at Exh. 1. In the *Anders* brief, Counsel summarizes the factual and procedural history of the case, identifies a potential issue, and explains counsel's conclusion that the appeal is frivolous. Counsel also attached a copy of the letter she sent to Miller, dated July 7, 2025. *Id.* at Exh. 3. In the letter, Counsel advised Miller of his right to retain new counsel or act on his own behalf, and to raise any additional points or arguments. The letter enclosed copies of the *Anders* Brief and application to withdraw as counsel.

We find Counsel has satisfied the necessary requirements for an application to withdraw, and turn to the merits of the appeal.

Counsel has identified one issue: "Did the court's sentencing condition[,] prohibiting [Miller] from posting on social media regarding victims[,] violate

[Miller's] rights pursuant to the First Amendment and Article I Section 7 of the Pennsylvania Constitution?" **Anders** Br. at 3. Counsel states that an argument could be made as to whether the court's imposition of a restriction on Miller's speech was narrowly tailored. **Id.** at 17. Counsel concludes that the issue is frivolous because there is no reasonable basis on which to argue that the condition was unconstitutional.

The Commonwealth argues that the issue is waived. **See** Commonwealth's Br. at 6. Counsel concedes that Miller did not raise this issue in the court below. **See Anders** Br. at 7.[2]

Generally, an issue cannot be raised for the first time on appeal. **See** Pa.R.A.P. 302(a). This rule applies to constitutional claims, including First Amendment claims. **See Commonwealth v. Knox**, 190 A.3d 1146, 1152 n.5 (Pa. 2018); **Commonwealth v. Berrios**, 297 A.3d 798, 805-06 (Pa.Super. 2023). Certain exceptions exist, such as challenges to the legality of the sentence. **See Commonwealth v. Armolt**, 294 A.3d 364, 376 (Pa. 2023). No exception applies to the issue identified by Counsel. **See Commonwealth v. Prinkey**, 277 A.3d 554, 562-63 (Pa. 2022) (explaining the four categories of illegal sentencing claims); **Commonwealth v. Sulpizio**, 281 A.3d 352, 360 (Pa.Super. 2022) (imposing preservation requirement on claim that sentence violated the First Amendment). As Miller did not raise this issue below, it is

---

[2] The trial court did not address the issue, because, in lieu of filing a Rule 1925(b) statement of errors, counsel filed a statement of intent to file an **Anders** brief. **See** Pa.R.A.P. 1925(c)(4).

waived. It is therefore frivolous for purposes of this appeal. We furthermore perceive no reasonable basis on which to argue that the condition was unconstitutional. *See Sulpizio*, 281 A.3d at 362-64.

Miller has not filed a response to Counsel's petition to withdraw, either through new counsel or by acting *pro se*, raising any additional points to support his appeal. Our own review has disclosed no non-frivolous issues.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/10/2026