J-S31002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONIO HAMMOND | : | |
| | : | |
| Appellant | : | No. 1931 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 4, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000602-2019

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY BOWES, J.:  **FILED JULY 31, 2020**

Antonio Hammond appeals from his November 4, 2019 judgment of sentence imposed after a jury found him guilty of escape, access device fraud, and theft of lost property.  Appellant's counsel, Michael Aegbuniwe, Esquire, has filed a petition to withdraw pursuant to the legal framework of ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  As we find that counsel has failed to comply with the requirements of withdrawal under ***Anders***/***Santiago***, we deny counsel's petition to withdraw and remand with instructions.

Appellant's conviction stems from a number of fraudulent purchases that he made using a misappropriated credit card.  Specifically, Appellant obtained the credit card after a patron left it in a wallet at the Applebee's where his girlfriend, Jenifer Slaughter, worked at as a server.  Thereafter, Appellant and Ms. Slaughter went on a spending spree at various stores and merchants in

the Harrisburg Mall. The owner of the card quickly reported the unauthorized charges to police, who reviewed surveillance footage of the purchases taken from multiple stores. Both Appellant and Ms. Slaughter were readily identifiable. Police then proceeded to the Applebees, where officers recognized both parties from the surveillance footage. Officers placed both Appellant and Ms. Slaughter under arrest. Despite being advised three separate times that he was under arrest, Appellant broke free from police and fled. After a foot chase that lasted approximately one-quarter of one mile, Appellant was recaptured and taken into custody.

Appellant was convicted at a jury trial of the above-referenced offenses. In addition to various restitution assessments and fines, Appellant was sentenced to an aggregate term of twenty-one to forty-eight months of incarceration. Appellant filed a timely notice of appeal. The trial court directed Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), and Appellant timely filed a one-issue statement challenging the sufficiency of the Commonwealth's evidence with respect to escape.

Thereafter, Attorney Aegbuniwe was appointed to take over Appellant's case. Ultimately, counsel elected to file an application to withdraw averring that Appellant's potential claims on appeal were wholly frivolous. Counsel has also filed an **Anders** brief, wherein he raised a single issue: "Whether the evidence was insufficient to support a conviction of escape pursuant to 18 Pa.C.S. § 5121(A)?" **Anders** brief at 8. As of the filing of this memorandum, Appellant has neither filed a *pro se* response, nor retained new counsel.

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in ***Anders*** and its progeny. ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*). "Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that the appeal would be frivolous." ***Id***. At a minimum, the ***Anders*** brief must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. ***Id***. at 1196. In particular, it "should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." ***Id***.

Unfortunately, counsel's ***Anders*** brief does not satisfy these mandates. While counsel has provided an adequate discussion of the history underlying Appellant's case and the arguments that favor Appellant's appellate claim, the brief does not include any discussion or justification of counsel's conclusion that Appellant's claims are wholly frivolous. ***Cf. Santiago***, ***supra*** at 360-61 ("[A] discussion of counsel's reasons for believing that the client's appeal is frivolous is mandatory and must be included in counsel's brief."). Although counsel has styled this filing as an ***Anders*** brief, it reads much more like a cursory advocate's brief.

This is a significant oversight given counsel's stated intent to withdraw his representation, as our Supreme Court has enunciated that requiring counsel to articulate the basis for a conclusion of frivolity assists appellate courts in confirming that counsel has conducted a "thorough and diligent review," as well as establishing the lack of merit in Appellant's potential appellate claims. *Id*. Moreover, we are particularly mindful that these requirements are "stringent, and with good reason." *Commonwealth v. Orellana*, 86 A.3d 877, 881 (Pa.Super. 2014) (discussing defendants' constitutional right to representation by counsel on direct appeal).

Accordingly, we deny counsel's motion to withdraw without prejudice, and remand so that counsel may either file a new petition to withdraw and a fully compliant *Anders* brief, or an advocate's brief.[1] *Accord Santiago*, *supra* at 360-61. Counsel shall have sixty days from the entry of this judgment order to file a new brief. The Commonwealth shall have thirty days thereafter to file a response.

---

[1] Due to the nature of our holding, we may make no comment on the eventual merits of Appellant's appellate claims. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) ("When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw."). Given the inconsistency in counsel's briefing, we emphasize that it remains entirely within counsel's ken to file an advocate's brief if he does not believe Appellant's claims are frivolous. Regardless of his chosen tact, we note that "[t]he universe of potential claims is not limited to those claims and testimony that counsel's unschooled client believes the court should consider." *Commonwealth v. Santiago*, 978 A.2d 349, 360 (Pa. 2009).

Petition of Michael Aegbuniwe, Esquire, to withdraw denied. Case remanded with instructions. Jurisdiction retained.