J-S49020-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALBERTO ACEVEDO | : | |
| | : | |
| Appellant | : | No. 543 WDA 2020 |

Appeal from the Judgment of Sentence Entered April 8, 2020
In the Court of Common Pleas of Forest County Criminal Division at
No(s):  CP-27-CR-0000027-2019

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    FILED NOVEMBER 13, 2020

Appellant, Alberto Acevedo, appeals from the April 8, 2020 Judgment of Sentence entered in the Forest County Court of Common Pleas following his guilty plea to Criminal Attempt to Commit Terroristic Threats.  With this appeal, Appellant's counsel has filed a Petition for Leave to Withdraw as Counsel and an Anders[1] brief. After careful review, we affirm the Judgment of Sentence and grant counsel's Petition to Withdraw.

The facts and procedural history are, briefly, as follows.  The Commonwealth charged Appellant with Terroristic Threats and Criminal Attempt to Commit Terroristic Threats[2] after he sent a letter from prison to a

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Anders v. California, 386 U.S. 738 (1967).

[2] 18 Pa.C.S. §§ 2706(a)(1) and 901(a), respectively.

female acquaintance threatening to kill her. On January 29, 2020, Appellant entered an open guilty plea to the Attempt offense; in exchange, the Commonwealth agreed to nolle pros the Terroristic Threats charge.

At the guilty plea hearing, the court conducted a thorough colloquy on the record.[3] The court accepted Appellant's plea and deferred sentencing pending preparation of a Post-Sentence Investigation ("PSI") Report.

On March 11, 2020, the court sentenced Appellant to 12 to 24 months' incarceration.[4] Appellant subsequently mailed directly to the trial court a series of pro se filings, including, on March 24, 2020, a Motion to Withdraw Guilty Plea.[5]

On April 9, 2020, Appellant filed a pro se Notice of Appeal.[6] Counsel filed a Statement of Intent to File an Anders Brief. See Pa.R.A.P. 1925(c)(4). The trial court subsequently filed a Rule 1925(a) Opinion.

_____

[3] During the colloquy, Appellant acknowledged reviewing the maximum penalties and sentencing guidelines with counsel. He further acknowledged that the Commonwealth had not promised him anything regarding his sentence, that he had had sufficient time to discuss the plea with his counsel, and that he was satisfied with his counsel. In addition, the court also advised Appellant on the record of the maximum penalties associated with the offense.

[4] The court ordered Appellant to serve this sentence consecutive to the sentence Appellant was serving at the time he committed the instant crime.

[5] The trial court denied this Motion on May 1, 2020.

[6] On April 14, 2020, plea counsel filed a Motion to Withdraw, which the trial court granted on May 1, 2020. In that Order, the court appointed new counsel and extended the filing deadline for the Rule 1925(b) Statement until 60 days from May 1, 2020.

Appellant's counsel filed an Anders Brief claiming Appellant's plea counsel had rendered ineffective assistance. Anders Br. at 4. Neither Appellant nor the Commonwealth have filed a response.

As a preliminary matter, we address counsel's request to withdraw as counsel. "When presented with an Anders Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." Commonwealth v. Daniels, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to Anders, our Supreme Court has determined that counsel must meet the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Commonwealth v. Santiago, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that he sent Appellant a copy of the Anders Brief and Petition for Leave to Withdraw as Counsel, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed

pro se, or to raise any additional points. See Commonwealth v. Millisock, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we will first address the substantive issues raised in the Anders Brief. Subsequently, we must "make a full examination of the proceedings and make an independent judgment as to whether the appeal is in fact wholly frivolous." Santiago, 978 A.2d at 355 n.5 (citation omitted). See also Commonwealth v. Yorgey, 188 A.3d 1190, 1197 (Pa. Super. 2018) (en banc) (noting Anders requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

Ineffective Assistance of Counsel Claim

Appellant has asserted that his plea counsel was ineffective because counsel purportedly failed to properly explain the sentencing guidelines to Appellant and failed to raise the issue of Appellant's mental health. Anders Brief at 4.

It is well-settled that, generally, a defendant "should wait to raise claims of ineffective assistance of counsel until collateral review." Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002). Because this appeal is a direct appeal from Appellant's new Judgment of Sentence and not a post-sentence collateral appeal, we conclude that Appellant's issue is premature.

Additionally, our independent review of the record does not reveal any non-frivolous arguments available to Appellant. Thus, we agree with counsel that this appeal is wholly frivolous. Accordingly, we grant counsel's Petition

- 4 -

for Leave to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Counsel's Petition for Leave to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2020