J-S21002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JEREMY SEVILLE | : | |
| Appellant | : | No. 1400 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 28, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at No(s):
CP-40-CR-0002307-2020

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM OPINION BY DUBOW, J.:         **FILED: AUGUST 4, 2022**

Appellant, Jeremy Seville, appeals from the September 28, 2021 Judgment of Sentence entered in the Luzerne County Court of Common Pleas following his negotiated guilty plea to Weapons or Implements for Escape.[1]  Appellant's counsel, Robert M. Buttner, Esquire, has filed a Petition to Withdraw as Counsel and an **_Anders_**[2] Brief, to which Appellant has not filed a response.  Upon review, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

The facts and procedural history are as follows.  On January 21, 2020, the Commonwealth charged Appellant with the above offense following an

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 5122(a)(2).

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

incident that occurred on November 25, 2019, at SCI Dallas where Appellant was an inmate.

On May 18, 2021, Appellant entered into a negotiated guilty plea. On July 21, 2021, the court entered an order indicating that it would sentence Appellant pursuant to the negotiated plea to 30 months of IPP[3]/restrictive probation, with the first 12 months under house arrest with electronic monitoring, "contingent with Franklin County accepting supervision" of Appellant's house arrest and probation.[4, 5, 6]

Subsequently, the Franklin County Department of Adult Probation and Parole ("FCAPO") notified the court that it refused to accept supervision of Appellant's sentence. Therefore, on August 12, 2021, the trial court entered an order scheduling a hearing for August 25, 2021, to review Appellant's sentence.

On August 17, 2021, the FCAPO issued a two-page report detailing the reasons it had refused to accept supervision of Appellant. In particular, the FCAPO explained that Appellant had previously been non-compliant with its

---

[3] "IPP" refers to the Intermediate Punishment Program.

[4] Order, 7/21/21.

[5] At the time of sentencing, Appellant was a resident of Franklin County.

[6] At the hearing, Appellant's counsel represented to the trial court that the Franklin County Department of Adult Probation and Parole ("FCAPO") had agreed to accept supervision of Appellant. N.T., 7/21/21, at 2.

supervision of his home confinement, had failed to pay related costs of that supervision, failed a urine screen, and, on August 16, 2021, Appellant was detained for new criminal charges for attempted homicide and aggravated assault.

Appellant failed to appear at the sentencing hearing scheduled for August 25, 2021. The court rescheduled the sentence review hearing for September 28, 2021.

On September 28, 2021, the trial court held the hearing to reconsider Appellant's sentence. Because Appellant's non-custodial sentence was contingent on the FCPAO's agreeing to supervise Appellant and that contingency had not been satisfied, the court vacated its order imposing IPP/restrictive probation and sentenced Appellant to a term of 27 to 54 months' incarceration. Appellant did not object to the calculation of his prior record score or lodge any objections to the jurisdiction of the court to resentence him. Additionally, Appellant did not file a post-sentence motion.

This appeal followed. The court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement. Counsel instead filed by a "Statement of Intent to File an ***Anders***/***Santiago*** Brief" pursuant to Pa.R.A.P. 1925(c)(4).

On April 6, 2022, counsel subsequently filed a Motion to Withdraw and an ***Anders*** Brief. Appellant did not respond.

In the ***Anders*** Brief, counsel indicated that Appellant wished to raise the following issue on appeal:

- 3 -

> Did the trial court exceed its jurisdiction and 42 Pa.C.S. § 5505 when it vacated [] Appellant's IPP/Restrictive Probation [and] imposed a sentence of total confinement?

***Anders*** Brief at 2.

As a preliminary matter, we address appellate counsel's request to withdraw as counsel. "When presented with an ***Anders*** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010). In order for counsel to withdraw from an appeal pursuant to ***Anders***, our Supreme Court has determined that counsel must meet the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that he sent Appellant a copy of the ***Anders*** Brief and Petition to Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, and to

- 4 -

raise any additional points. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we will address the substantive issue raised in the *Anders* Brief. Subsequently, we must "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5 (citation omitted). *See also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

In the *Anders* Brief, counsel reiterates Appellant's challenge to his sentence on the grounds that the trial court lacked jurisdiction to resentence him. Appellant's Brief at 8-10.

We have reviewed the initial sentencing order in this matter and observe that the court imposed Appellant's non-custodial sentence contingent on the FCAPO assuming supervision over him. Therefore, by the terms of the order, Appellant's non-custodial sentence could only take effect if the condition precedent stated in the order, *i.e.*, that the FCAPO accepted him for supervision, was met. Thus, we conclude that because the court's initial sentencing order contained a condition precedent to the commencement of Appellant's non-custodial sentence, the initial sentencing order was not a final judgment of sentence, and the trial court retained

jurisdiction to enter a final sentencing order once the question of the FCAPO's involvement in the matter was settled. We, thus, agree with counsel that Appellant's challenge to the trial court's authority to enter a custodial sentence is frivolous, albeit on grounds different from those asserted by counsel in the **Anders** Brief.[7]

After conducting our independent review as required pursuant to **Yorgey**, 188 A.3d at 1197, we discern no non-frivolous issues to be raised on appeal. We, therefore, grant counsel's Petition to Withdraw and affirm the Judgment of Sentence.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/04/2022

---

[7] Appellant asserts that, pursuant to 42 Pa.C.S. § 5505, the trial court lacked jurisdiction to vacate the initial sentencing order more than 30 days after the court entered it. Section 5505 provides that, generally, a court retains jurisdiction to rescind or modify any order for only 30 days after its entry if no appeal has been taken from it. 42 Pa.C.S. § 5505. For the reasons explained, *supra*, we conclude that because the non-custodial sentencing order was based on a contingency that did not occur, the non-custodial sentencing order was not final and the instant facts do not implicate Section 5505.