J-S07005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROY WADE TIGUE | : | |
| | : | |
| Appellant | : | No. 2103 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 30, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000221-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROY W. TIGUE | : | |
| | : | |
| Appellant | : | No. 2104 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 30, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000336-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROY WADE TIGUE | : | |
| | : | |
| Appellant | : | No. 2105 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 30, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000345-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| :---: | :---: | :---: |
| v. | : |  |
|  | : |  |
|  | : |  |
| ROY W. TIGUE | : |  |
|  | : |  |
| Appellant | : | No. 2106 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 30, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000356-2021

BEFORE: DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 11, 2023**

In these consolidated appeals, Appellant, Roy Wade Tigue, appeals from the June 30, 2022 judgment of sentence of 13 to 54 months of incarceration following his guilty pleas to Driving Under the Influence—Controlled Substance, Resisting Arrest, and two counts of Receiving Stolen Property. In addition, Appellant's counsel, Ashley Zimmerman, Esquire, has filed a Motion for Leave to Withdraw as Counsel and an **Anders**[1] Brief. In the **Anders** Brief, appellate counsel indicates that Appellant challenges the trial court's imposition of consecutive rather than concurrent sentences. After careful review, we grant counsel's Motion for Leave to Withdraw as Counsel and affirm the Judgment of Sentence.

The relevant facts and procedural history are as follows. On May 14, 2019, the Commonwealth charged Appellant at Docket No. 221-2019 with

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

- 2 -

Driving Under the Influence—Controlled Substance ("DUI") and Driving While Operating Privileges Suspended/Revoked.[2]

While those charges were pending, on July 21, 2021, the Commonwealth charged Appellant at Docket No. 336-2021 with the unrelated crimes of Receiving Stolen Property ("RSP"), Criminal Mischief, Fleeing or Attempting to Elude Police Officer, Driving While Operating Privilege Suspended/Revoked, and Reckless Driving.[3]

On September 1, 2021, the Commonwealth charged Appellant at Docket No. 345-2021 with the additional unrelated crimes of Resisting Arrest, Disorderly Conduct, Scattering Rubbish, and Use or Possession of Drug Paraphernalia.[4] That same day, the Commonwealth also separately charged Appellant at Docket No. 356-2021 with three counts of RSP.[5]

On June 24, 2022, Appellant entered an open guilty plea at Docket No. 221-2019 to DUI, at Docket No. 336-2021 to RSP, at Docket No. 345-2021 to Resisting Arrest, and at Docket No. 356-2021 to RSP. The trial court deferred sentencing pending preparation of a pre-sentence investigation ("PSI") report.

---

[2] 75 Pa.C.S. §§ 3802(d)(1)(ii) and 1543(a), respectively.

[3] 18 Pa.C.S. §§ 3925(a), 3304(a)(5); 75 Pa.C.S. §§ 3733(a), 1543(a), and 3736(a), respectively.

[4] 18 Pa.C.S. §§ 5104, 5503(a)(4), 6501(a)(1); and 35 P.S. § 780-113(a)(32), respectively.

[5] 18 Pa.C.S § 3925(a).

On June 30, 2022, the trial court sentenced Appellant to an aggregate term of 13 to 54 months of incarceration. In particular, the court imposed a term of 1 to 6 months for his DUI conviction at Docket No. 221-2019, 4 to 18 months for his RSP conviction at Docket No. 336-2021, 4 to 18 months for his Resisting Arrest conviction at Docket No. 345-2021, and 4 to 12 months for his RSP conviction at Docket No. 356-2021.[6]

On July 11, 2022, Appellant filed a motion for reconsideration of sentence in which he requested that the court reduce his high-end standard range sentences to "a sentence that falls on the lower end of the standard range, with consideration for concurrent sentences." Motion to Reconsider Sentence, 7/11/22, at ¶ 10. On July 25, 2022, the trial court denied Appellant's motion.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In the **Anders** Brief, appellate counsel asks us to consider whether the sentencing court abused its sentencing discretion by ordering Appellant's sentences to run consecutively.[7] **Anders** Brief at 18.

---

[6] The court ordered these sentences to run consecutively to each other and to an unrelated term of incarceration imposed following Appellant's jury conviction of Theft and Defiant Trespass, and his summary conviction of Driving While Operating Privilege Suspended/Revoked. Appellant's appeal from his judgment of sentence of 13 to 48 months of incarceration for those convictions is docketed at No. 1909 EDA 2022.

[7] Appellant did not file a response to counsel's **Anders** Brief or to her motion to withdraw.

As a preliminary matter, we address appellate counsel's request to withdraw as counsel. "When presented with an **Anders** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010). In order for counsel to withdraw from an appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that she sent Appellant a copy of the **Anders** Brief and Motion for Leave to Withdraw as Counsel, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, and to raise any additional points. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we will address the substantive issue raised in the **Anders** Brief. Subsequently, we must

"make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5 (citation omitted). *See also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

In the *Anders* Brief, counsel reiterates Appellant's challenge to the consecutive nature of the sentences that Appellant raised in his motion for reconsideration of sentence. *Anders* Brief at 19-20. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[]. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citation omitted).

In the instant case, Appellant has satisfied the first three requirements by filing a timely notice of appeal, properly preserving the issue in a post-sentence motion to modify his sentence, and by including a Rule 2119(f) Statement in the Brief to this Court.

As to whether Appellant has presented a substantial question, we note:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation marks omitted). It is well-settled that a bare challenge that the trial court erred in imposing consecutive rather than concurrent sentences does not raise a substantial question. *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014); *Moury*, 992 A.2d at 171 ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code."). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-72.

Here, because the court sentenced Appellant within the standard range of the sentencing guidelines, we cannot conclude the aggregate sentence is unduly harsh. Moreover, we note that the trial court had the benefit of a PSI report; thus, we assume that it "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* at 171 (citations omitted). We, therefore,

agree with counsel that Appellant's sentencing challenge does not present a substantial question and is frivolous.

After conducting our independent review as required pursuant to *Yorgey*, *supra*, we discern no non-frivolous issues to be raised on appeal. Accordingly, we grant counsel's Motion for Leave to Withdraw as Counsel and affirm the Judgment of Sentence.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2023