J-S38007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                              :           PENNSYLVANIA
                                              :

                       v.                              :
                                              :

JOSEPH WILLIAM BECOTE            :
                                              :

                      Appellant        :       No. 3216 EDA 2023

Appeal from the Judgment of Sentence Entered November 9, 2023
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0002029-2022

BEFORE:   STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED MARCH 24, 2025**

      Appellant, Joseph William Becote, appeals from the judgment of sentence imposed on November 9, 2023, in the Court of Common Pleas of Delaware County. Appellant challenges the sufficiency and the weight of the evidence supporting his conviction. Before this Court, Stefanie McArdle, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we deny counsel's application to withdraw and direct counsel to file either a compliant **Anders**/**Santiago** brief or an advocate's brief.

      The underlying factual and procedural background can be summarized as follows.

_____

[*] Former Justice specially assigned to the Superior Court.

[O]n February 8, 2022, around four o'clock in the morning, Officer Elijah Brown of the Upper Darby Township Police Department was dispatched to a call for the ongoing problem of a trespasser sleeping in the stairwell of the apartment building. As Officer Brown tried to approach [Appellant] to contact him, he ran away. Officer Brown ran after him, and after verbal commands, he was finally able to stop [Appellant]. Officer Brown told [Appellant] he was not permitted to be on the premises. When Officer Brown got back to the station, he searched the police department records and found two prior incident reports where [Appellant] was apprehended at the same apartment building and advised each time that he was not permitted to be on the premises.

Trial Court Opinion, 1/31/24, at 4-5.

On October 17, 2023, after a bench trial, Appellant was found guilty of being a defiant trespasser, 18 Pa.C.S.A. § 3503(b)(1)(i). On the same day, the trial court sentenced Appellant to 90 days confinement with credit for time served and that he would be released once his address was verified.

Appellant timely filed a post-sentence motion, challenging the weight of the evidence and the legality of his sentence. Following a hearing on November 9, 2023, the trial court amended Appellant's sentence to note that his address was verified in open court. Thereafter, on November 17, 2023, the trial court denied Appellant's post-sentence motion without reference to or explanation for the amended sentence.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. In his Rule 1925(b) statement, Appellant raised two issues (sufficiency and weight) pertaining to his *defiant trespasser* conviction. **See** Statement of Errors Complained of on Appeal, 1/11/24, at 4-5.

On appeal, Appellant alleges that the evidence was insufficient to convict him of *disorderly conduct* and that the verdict was against the weight of the evidence.

Before addressing the merits of the claims, we must address counsel's application to withdraw. In doing so, we are guided by the following principles.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . . .
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

- 3 -

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361; *see also Commonwealth v. Dempster*, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*). Once we conclude that counsel fulfilled all these requirements, we proceed to examine the record to determine whether the case is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*).

The analysis counsel offers to show that the appeal is wholly frivolous pertains to a charge/conviction (disorderly conduct) that is not at issue in the instant appeal. *See Anders* Brief at 11.

The instant appeal involves docket number 2029-2022, which pertains to Appellant's defiant trespass conviction. Appellant's disorderly conduct charge/conviction is part of a different docket, namely 3807-2023, which is not included in the instant appeal.

Regarding docket number 2029-2022, a review of the notes of testimony of the October 17, 2023, proceeding reveals that, after extensive discussion, the Commonwealth agreed to withdraw Count 1, amend Count 2 to defiant trespass charged as a summary offense, and proceed to a bench trial on the defiant trespass charge only. N.T. 10/17/23, at 20-21. Following the bench trial, the trial court found Appellant guilty of defiant trespass. *Id.* at 73.

At the proceeding, there also was some discussion about docket number 3807-2023, a related but distinct matter. *Id.* at 21. In this regard, the

Commonwealth announced that it would amend the pertinent information to add one count (disorderly conduct, charged as a summary offense). *Id.* Because the Commonwealth was not ready to proceed, the parties agreed that there will be a jury trial regarding docket 3807-2023 to be held at later time, possibly January/February 2024. *Id.* at 42, 45-47.

As noted above, the instant appeal pertains to the defiant trespass conviction. Thus, any discussion about the disorderly conduct charge/conviction for purposes of withdrawing from the instant matter is not relevant here.

We understand that Appellant was a fugitive, that he has been difficult to interact with, that he might be suffering from some major mental illness, and that the analysis about the two crimes (defiant trespass/disorderly conduct) overlap to some extent. We also appreciate counsel's argument that it is in Appellant's interest not to challenge his conviction, and counsel's inability to formulate any cogent argument that could reasonably support this appeal. However, we cannot let counsel withdraw from the instant appeal, as it appears it is based on a misconstruction of the relevant procedural background.

Accordingly, we deny counsel's application to withdraw as counsel and instruct counsel to file either a compliant *Anders* brief or an advocate's brief

within 30 days of the date of this memorandum.[1]  Appellant and the Commonwealth may respond within 30 days of counsel's filing of her brief.

Application to withdraw as counsel denied. Jurisdiction retained.

_____

[1] In her brief, counsel should include some discussion on the propriety of the sentence imposed here (seemingly a flat 90 days with credit for time served).