J-S44037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ZHYJIER BOOZER :
:
Appellant : No. 644 EDA 2025

Appeal from the Judgment of Sentence Entered March 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001139-2022

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED MARCH 18, 2026**

Zhyjier Boozer ("Boozer") appeals from the judgement of sentence following his convictions for conspiracy to commit robbery, robbery, robbery of a motor vehicle, aggravated assault, possessing an instrument of crime, and two violations of the Uniform Firearms Act.[1] Additionally, Boozer's counsel, Thomas F. Coleman ("Attorney Coleman"), has filed an application to withdraw from representation along with an ***Anders*** brief.[2] Following our review, we grant the application and affirm the judgment of sentence.

Boozer and a co-conspirator, Tahsiyn Jackson ("Jackson"), positioned themselves on the sidewalk outside of the M&M convenience store on Cecil B. Moore Avenue shortly after 5:00 p.m. on February 20, 2020. When Shawn

_____

[1] ***See*** 18 Pa.C.S.A. §§ 903(c), 3701(a)(1)(ii), 3702(a), 2702(a)(1), 907(a), 6106(a)(1), 6108.

[2] ***See Anders v. California***, 386 U.S. 738 (1968); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

Newman ("Newman") walked by the convenience store, Boozer took a silver gun from Jackson's sweatshirt and put it into his own waistband. Boozer and Jackson followed Newman into, and out of, another supermarket. Newman turned to face his pursuers, then fled toward his car, which was parked nearby. A few minutes later, Newman called 911 and reported he had just been carjacked. Philadelphia Police Officer Mike Guillaume, whose body-worn camera ("BWC") was recording, reported to the scene and found Newman had been shot in the right buttock. Newman gave Officer Guillaume a general description of the men who shot and carjacked him. Newman was treated at an emergency room for a gunshot wound to his buttock and a second to his left foot and ankle. Police later recovered eleven fired cartridge cases ("FCCs") at the carjacking scene.

Detective Michael Repici ("Detective Repici"), was assigned to the case and asked Officer Christopher Smith ("Officer Smith"), who was familiar with neighborhood, to review surveillance videos from the area of the shooting. Officer Smith identified Boozer from the videos; he also found an Instagram account associated with Boozer that showed him on the day of the shooting with Jackson; in the video defendant and Jackson wearing the clothes surveillance videos show them wearing immediately before the carjacking and shooting. A photo from the same Instagram account posted the day before showed Boozer holding a silver gun up to his face. The trial evidence also

established Boozer did not have a license to carry a gun and had a prior disqualifying conviction for corruption of minors.[3]

A jury convicted Boozer of the above-listed crimes. The trial court subsequently imposed an aggregate term of ten to twenty years of imprisonment. Following the denial of his post-sentence motion, Boozer timely appealed and he and the trial court complied with Pa.R.A.P. 1925.

As noted above, Boozer's attorney has filed an application to withdraw and an ***Anders*** brief. When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. ***See Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to ***Anders***, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he or she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (internal citation omitted). In ***Santiago***, our Supreme Court addressed the

---

[3] ***See*** 18 Pa.C.S.A. § 6301.

- 3 -

second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied these technical requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Attorney Coleman's brief meets **Anders**' technical requirements. Our review discloses Attorney Coleman stated in his application to withdraw that, having made a conscientious examination of the record, he determined an appeal would be frivolous. **See** Application to Withdraw, 8/20/25. Attorney Coleman has also filed a brief summarizing the facts and procedural history, referring to issues that might arguably support the appeal, and explaining why these challenges are frivolous based on the governing law and the record. **See Anders** Brief at 11. Attorney Coleman has also indicated in his application to withdraw that he served the brief on Boozer, attached a

certificate of service, and explained to Boozer he has the right to retain new counsel or raise additional issues for this Court's consideration *pro se*. **See** Application for Leave to Withdraw as Counsel, 8/20/25; **Anders** Brief, Appendix D. Accordingly, we proceed to conduct an independent review to determine whether the appeal is frivolous.

Attorney Coleman identifies the following potential issues in his **Anders** brief: (1) double jeopardy arising from the non-merger of Boozer's VUFA offenses, (2) the introduction of video from a body worn camera ("BWC") constituted inadmissible hearsay, (3) the introduction of the BWC video violated Boozer's constitutional rights, (4) the evidence was insufficient to sustain Boozer's convictions, (5) the trial court abused its discretion by admitting evidence against Boozer's co-defendant, Jackson, at their joint trial, (6) the Commonwealth violated the Fifth Amendment to the U.S. Constitution by subjecting Boozer to two preliminary hearings, and (7) trial counsel provided ineffective assistance. **See Anders** Brief at 6-7.

The first potential issue Attorney Coleman identifies is that Boozer's prosecution violated double jeopardy because he was tried, convicted, and sentenced for both 18 Pa.C.S.A. § 6106, firearms not to be carried without a license, and 18 Pa.C.S.A. § 6108, carrying firearms on public streets in Philadelphia. Attorney Coleman explains that in **Commonwealth v. Baldwin**, 985 A.2d 830, 837 (Pa. 2009), our Supreme Court found Section 6106 and Section 6108 have different elements and do not merge. **See**

***Anders*** Brief at 16-18. The non-merger of these claims, accordingly, cannot constitute a double jeopardy violation. The trial court found this claim waived because it was not raised below and is, in any event, meritless pursuant to ***Baldwin***. Based on our review of the record and ***Baldwin***, we conclude the record supports Attorney Coleman's assertion this claim is frivolous.

Attorney Coleman next identifies two potential issues relating to the introduction of Officer Gillaume's BWC video containing statements Newman made at the scene of the crime: the statements are hearsay, and their introduction at trial violated Boozer's constitutional rights. ***See Anders*** Brief at 18-36.

Hearsay is an out-of-court statement admitted for the truth of the matter asserted. ***See*** Pa.R.E. 801, 802. Evidence may be admitted under the "excited utterance" exception to the hearsay rule where a startling event occurs, and the declarant participates in, or closely witnesses, the exciting event and makes a statement while under the stress of the excitement. ***See*** Pa.R.E. 803(2); ***Commonwealth v. Murray***, 83 A.3d 137, 157 (Pa. 2013); ***Commonwealth v. Carmody***, 799 A.2d 143, 147 (Pa. Super. 2002) (citation omitted) (stating the critical question concerning the admissibility of an excited utterance is whether "the nervous excitement continues to dominate while the reflective process remains in abeyance").

The Sixth Amendment provides, in part, that in criminal prosecutions, the accused has the right to be confronted with the witnesses against him.

U.S. Const. amendment VI. The Confrontation Clause applies to testimonial statements – those that are given in anticipation of later criminal prosecution. *See Davis v. Washington*, 547 U.S. 813, 821 (2006). Statements that are not testimonial, such as statements made to enable police to meet an ongoing emergency, are subject only to traditional limitations on hearsay evidence. *See id*. at 822. It is sufficient for purposes of the Confrontation Clause that a reasonable person would believe at the time of the statement there was an emergency. *See Commonwealth v. Allshouse*, 36 A.3d 163, 184 (Pa. 2012) (citation omitted).

Attorney Coleman explains Newman died prior to trial and the Commonwealth filed a motion in *limine* alleging Newman told Officer Guillaume moments after the carjacking and shooting what had just happened and appeared frightened. Attorney Coleman also quotes the trial court's reasons for granting the Commonwealth's motion: the statements were made within two or three minutes of a startling event while Newman was under its influence. *See Anders* Brief at 18-24. Attorney Coleman additionally provides the trial court's explanation it found Newman's statements were non-testimonial because they were not made in anticipation of criminal prosecution. *See id*. at 24-27. We agree that any hearsay claim or Confrontation Clause claim would be frivolous. *See Davis*, 547 U.S. at 821; *Allshouse*, 36 A.3d at 184; Pa.R.E. 803(2); *Murray*, 83 A.3d at 157; *Carmody*, 799 A.2d at 147.

Attorney Coleman next identifies potential issues relating to the sufficiency of the evidence. Our standards of review for sufficiency is as follows:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Rivera*, 238 A.3d 482, 495 (Pa. Super. 2020) (internal citation omitted).

The trial court notes Boozer waived his claims by failing to identify the allegedly unproved elements of the crimes and that, even if reviewable, his sufficiency claims would lack merit. *See* Trial Court Opinion, 5/8/25, at 5-12, citing *Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015). Based on our review, we conclude that, even were Boozer's claims reviewable, the record supports Attorney Coleman's conclusion they are frivolous. The trial evidence, which included Newman's excited utterances, evidence he had been shot, and video evidence demonstrating Boozer's participation in those crimes, proved Boozer and his co-defendant pursued, shot, robbed, and carjacked Newman. For these reasons, the evidence clearly shows Boozer's guilt of aggravated assault, robbery – infliction of serious bodily injury,

robbery of motor vehicle, persons not to possess firearms,[4] conspiracy to commit robbery, multiple violations of the Uniform Firearms Act, and possessing an instrument of crime. *See* 18 Pa.C.S.A. §§ 903(c), 3701(a)(1)(ii), 3702(a), 2702(a)(1), 907(a), 6106(a)(1), 6108.

Attorney Coleman next notes Boozer failed to preserve the claim that the admission of evidence against Boozer's co-defendant, Jackson, but not Boozer, was an abuse of discretion; Attorney Coleman asserts that even were such claim preserved, it would be frivolous. *See Anders* Brief at 43-44. This claim was not preserved, and not addressed by the trial court and is accordingly unreviewable. *See* Pa.R.A.P. 302(a). Moreover, it is frivolous. Evidence introduced exclusively to prove Jackson's guilt but not Boozer's cannot be the basis for granting Boozer relief.

The next potential claim Attorney Coleman identifies is Boozer's receipt of two preliminary hearings violated the Fifth Amendment of the U.S. Constitution. *See Anders* Brief at 44-47. Attorney Coleman recognizes this claim was not raised below and is waived. He further explains that even if it were reviewable, it would be frivolous because the Fifth Amendment prevents subjecting a person to two *trials* for the same offenses and a preliminary

---

[4] Boozer's prior conviction of corruption of minors made it illegal for him to possess a firearm. *See* 18 Pa.C.S.A. § 6105(a)(1), (b).

hearing is not a trial.[5] We agree this claim is unreviewable and, in any event, frivolous.

The final potential issue Attorney Coleman identifies is an assertion of the ineffective assistance of trial counsel. Attorney Coleman recognizes this claim was not raised below and is therefore waived. Additionally, Attorney Coleman notes assertions of ineffective assistance can only be raised on direct appeal under limited circumstances, none of which are present in this case. **See Anders** Brief at 47, citing **Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa. 2013). We agree Boozer failed to preserve an ineffectiveness claim and failed to establish an exception that would permit him to litigate his ineffective assistance claim on direct appeal. Accordingly, the claim is frivolous.

In sum, our independent review of the record confirms that Boozer's intended issues are frivolous, and our review reveals no additional issues of arguable merit. Accordingly, we grant Attorney Coleman's application to withdraw and affirm the judgment of sentence. **See Yorgey**, 188 A.3d at 1197.

Application to withdraw granted. Judgment of sentence affirmed.

_____

[5] Additionally, Rule 544 of the Pennsylvania Rules of Criminal Procedure permits the refiling on a criminal complaint, as occurred here.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/18/2026</u>