**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DWAYNE ERIC POPE | : | |
| | : | |
| Appellant | : | No. 1033 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered April 17, 2025
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0001097-2023

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED: APRIL 20, 2026**

Appellant, Dwayne Eric Pope, appeals from the April 17, 2025 judgment of sentence entered in the Adams County Court of Common Pleas following his negotiated guilty plea to one count of Possession of Child Pornography. Appellant challenges his designation as a sexually violent predator ("SVP"). Appellant's counsel, Jason G. Pudleiner, Esq., filed an ***Anders***[1] Brief and a petition to withdraw as counsel. After careful consideration, we affirm Appellant's judgment of sentence, including his SVP designation, and grant counsel's petition to withdraw.

The relevant facts and procedural history are as follows. In August 2023, Appellant's niece reported discovering child pornography on computer tablets which Appellant had given her to sell. Trial Ct. Op., 9/25/25, at 1.

---

[1] ***Anders v. California***, 386 U.S. 738 (1967).

During its investigation, Adams County Police discovered five images of fully nude children on one of Appellant's tablets.

On September 30, 2024, Appellant entered a negotiated guilty plea to one count of Possession of Child Pornography.[2] Prior to sentencing, the court ordered an assessment by the Sexual Offender Assessment Board ("SOAB").

On April 17, 2025, the court held a hearing to determine whether Appellant satisfied the criteria of an SVP. At the hearing, Dr. Robert Stein, a SOAB member, testified regarding his "assessment of Appellant, which included an interview with Appellant and a review of relevant records, including police reports, Children and Youth Reports, treatment records, and a prior SOAB assessment and investigation of Appellant." Trial Ct. Op. at 2.

The trial court highlighted Dr. Stein's testimony addressing Appellant's "criminal history of contact sex offenses involving three different unrelated children under the age of 12 that took place over several years." *Id.* at 2. "Dr. Stein also noted a history of violation of supervision, which included a current SORNA violation; possession of child pornography while on parole; and a complaint of Appellant telling ghost stories to children." *Id.* at 3. Dr. Stein opined that this history "indicated a willingness to continue to act on sexual deviate interest[.]" *Id.* Dr. Stein concluded that Appellant had pedophilic disorder and satisfied the criteria for SVP designation. *Id.* at 5. "[B]ased on the uncontradicted testimony of Dr. Stein and his report," the

_____

[2] 18 Pa.C.S. § 6312(d).

court classified Appellant an SVP as it determined that the Commonwealth satisfied the statutory criteria. *Id.* at 3.

The court sentenced Appellant to 2½ to 5 years of imprisonment, with 577 days of credit for time served. In so doing, the court emphasized that Appellant understood that, without the plea, he would have faced "a 25-year mandatory-minimum sentence as a second strike under 42 Pa.C.S. [§ 9718.2(a)]." Sentencing Order, entered 4/17/22, at 1.

Appellant filed a post-sentence motion seeking reconsideration of the SVP designation. On June 30, 2025, the trial court denied the motion.

On July 30, 2025, Appellant filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant's counsel indicated his intent to file an *Anders* Brief and petition to withdraw as counsel with this Court.

On appeal, Appellant raises the following issue:

Whether the trial court erred in finding sufficient evidence to designate Appellant a sexually violent predator.

*Anders* Br. at 6.[3]

In cases where counsel seeks to withdraw, we "may not review the merits of the underlying issues without first passing on the request to

---

[3] Counsel states that Appellant "raised additional appeal issues in his letter to the Court that were not initially raised in [his Pa.R.A.P.] 1925 statement of issues to be appealed, but is now included in this appeal." *Anders* Br. at 12. The record before this Court does not include a letter from Appellant to the trial court or this Court. Moreover, Appellant has not filed a response to the *Anders* Brief or Counsel's Petition to Withdraw. Accordingly, we conclude that Appellant waived any other issues.

withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010). Counsel must comply with the following requirements when seeking to withdraw:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

We conclude that counsel satisfied these briefing requirements. Attorney Pudleiner additionally confirms that he sent Appellant a copy of the ***Anders*** brief and his petition to withdraw, as well as a letter informing Appellant of his right to retain new counsel or proceed *pro se*, and to raise any additional points with this Court. ***See Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

As counsel satisfied the stated requirements, we will address the substantive issue raised in the ***Anders*** brief by fully examining the record and independently determining "whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5 (citation omitted); ***see also Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting ***Anders*** requires the appellate court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

As noted, Appellant challenges his SVP designation. "A challenge to a trial court's SVP designation presents a challenge to the sufficiency of the evidence for which our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Aumick**, 297 A.3d 770, 776 (Pa. Super. 2023) (*en banc*). We review the record in a "light most favorable to the Commonwealth" as verdict winner. **Id.** This Court will reverse an SVP determination "only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied." **Id.** at 776-77 (citation omitted).

Revised Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA") defines an SVP as an individual who committed a "sexually violent offense[,]" including Child Pornography, and "who is determined to be a sexually violent predator under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S. §§ 9799.12; 9799.14(b)(9).

SORNA mandates that trial courts order an SVP assessment by a SOAB member for any defendant convicted of a "sexually violent offense[.]" **Id.** at § 9799.24(a). A SOAB member must then assess the individual and prepare a report considering 15 enumerated factors relating to the "facts of the current offense," the offender's "[p]rior offense history," "[c]haracteristics of the individual," and "(f)actors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense." **Id.** at

- 5 -

§ 9799.24(b), (d). It is well-established that "[t]he factors are not a checklist with each one weighing in some necessary fashion for or against SVP designation." *Commonwealth v. Feucht*, 955 A.2d 377, 381 (Pa. Super. 2008). "Rather, the presence or absence of one or more factors might simply suggest the presence or absence of one or more particular types of mental abnormalities." *Id.*

The trial court then conducts a hearing to "determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator." 42 Pa.C.S. § 9799.24(e)(3). As stated, this Court is limited to "simply assessing the legal sufficiency" of the evidence presented; we may neither reweigh the evidence nor "requir[e] greater proof than is required by the statute." *Commonwealth v. Meals*, 912 A.2d 213, 214 (Pa. 2005).

Before this Court, Appellant claims that Dr. Stein's testimony and report failed to provide the requisite clear and convincing evidence that Appellant is an SVP. *Anders* Br. at 11-18. Specifically, Appellant contends that Dr. Stein failed "to consider that Appellant has demonstrated a long-standing ability to control his 'pedophilia' since his release from prison in 2019[.]" *Id.* at 15. He also emphasizes that 10 of the 15 assessment factors enumerated in Section 9799.24 weigh against finding him to be an SVP. *Id.* Finally, he argues that his current offense of Child Pornography was not predatory, emphasizing that "there were no identifiable victims, therefore there was no relationship involved, there was no repeated sexual abuse, there was no exceeded means

- 6 -

necessary to achieve the offense, there was no grooming of victims, there was no illegal drug use, and there was no manipulation of victims." *Id.* Appellant highlights that Dr. Stein had interviewed him in 2017 and had not found him to be an SVP.

After review, we conclude that the record supports the court's determination that "Appellant clearly meets the criteria of [an] SVP." Trial Ct. Op. at 6. As set forth above, the court found that Dr. Stein's uncontradicted testimony and report provided clear and convincing evidence in support of the SVP designation. The court emphasized that "Appellant has a lengthy history of sexual contact offenses with three young girls, a history of violation of supervision, and, in the instant offense, a continued sexual interest in young girls despite extensive sex offender treatment, which are all indicative of a likelihood to engage in predatory sexual offenses and reoffend." *Id.* at 5-6.

We reject Appellant's reliance on Dr. Stein's 2017 determination that he was not an SVP. Indeed, Dr. Stein explained that he changed his opinion after reviewing information that emerged during a 2018 parole board evaluation including Appellant's admission "to multiple acts of sexual molestation of each of two young girls" as well as information relating to an "act against a third girl." N.T., 4/17/25, at 16-17. Accordingly, we affirm the judgment of sentence, including Appellant's SVP designation.

Judgment of sentence affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/20/2026